(No. 51549.-

KENNETH LONG, Appellee, v. THE INDUSTRIAL COM-
    MISSION *et al.* (Alva C. Davis Drilling Co., Appel-
    lant).

*Opinion filed September 19, 1979.*

Keefe & De Pauli, P.C., of East St. Louis, for appellant.

Hanagan & Dousman, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Kenneth Long filed an application for adjustment of a workmen's compensation claim against his employer, Alva C. Davis Drilling Co., claiming an aggravation of a preexisting back condition. It was alleged that the accidental injury occurred on January 26, 1974.

The arbitrator found that Long had failed to prove that he sustained an accidental injury arising out of and in the course of employment by the respondent, or that the condition of ill-being is related to his employment. The Industrial Commission affirmed the arbitrator's decision; however, the circuit court of Wayne County reversed the Industrial Commission, finding that the decision was against the weight of the evidence. The court remanded the cause to the Industrial Commission to make a finding on the extent of compensation for temporary total disability or permanent residual disability and for medical expenses. Pursuant to this order, the Industrial Commission awarded compensation and the circuit court confirmed the award. The amount of the award or the nature and extent of the disability are not in dispute in this case. The question involved is whether Long estab-

lished that he sustained an accidental injury arising out of and in the course of the employment and whether the condition of ill-being is related to his employment.

Long had a history of back trouble. In 1960 and again in 1961 he had surgery for his back condition. On January 9, 1974, while operating his own truck (not related to his employment), he slipped off his truck and fell on the ice. He immediately reported to the emergency room of the hospital, where he was seen by his family physician. He returned to work on January 16, 1974, and the next day he again saw his doctor for his January 9 injury. The doctor made an appointment for him to see a St. Louis physician on January 28, 1974. Long continued to work for the drilling company until January 26, 1974. Long contends that because of the deep mud which he had to walk through on the drilling site, the pain in his back increased. It is the effort exerted in walking through the mud which he claims caused an aggravation of his previous condition.

On January 28 Long kept his appointment with the St. Louis physician, who hospitalized him and called a neurologist in for consultation. Following his examination of the patient, the neurologist felt surgery was indicated and referred Long to two neurosurgeons who performed surgery for a ruptured intervertebral disc on February 20, 1974. He returned to work on March 15, 1974.

The neurologist testified for Long. Although he stated that Long's pulling his legs through the mud at the drilling site "might be an aggravating injury," he said that, most likely, the injury was caused by the fall on January 9, 1974. An orthopedic surgeon testified for the employer. He had examined Long on April 9, 1975. In response to a hypothetical question that included the fact that Long had walked through the mud at the drilling site for 7 or 8 days after January 9, 1974, the doctor gave his opinion that the incident on January 9, "might or could have caused injury

to such an extent that it would result in the disc problem." On cross-examination he stated that walking through the mud "may certainly have been a contributing factor to increasing the symptoms and discomfort."

Long now contends that the last statement by the employer's witness admitted that the effect of walking through the mud was a contributing factor in the injury. In reading the testimony of these two doctors it is possible to draw inferences from their testimony that walking through the deep mud at the drilling site may have caused an aggravation of his previous injury. It is also possible to draw inferences from this testimony that one of the doctors, or possibly both of the doctors, found that the injury was caused by the January 9, 1974, fall, and that walking through the mud caused pain and discomfort, which had no causal relation to the condition of ill-being which brought about his disability.

We have many times held that resolving conflicts in the evidence, drawing inferences from testimony, and determining credibility of witnesses and the weight to be given to their testimony are matters within the province of the Industrial Commission and this court will not disturb the Commission's finding unless against the manifest weight of the evidence. In *Health & Hospitals Governing Com. v. Industrial Com.* (1978), 72 Ill. 2d 263, 274, this court stated: "The Commission is in the best position to resolve conflicts in the evidence, and we will not set aside its findings if based on reasonable inferences." Also, this court stated in *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 19: "The Commission is entitled to draw reasonable inferences from both direct and circumstantial evidence. This court will not disregard those permissible inferences merely because other inferences might be drawn."

Cases involving aggravation of a preexisting condition concern primarily medical questions and not legal ones.

Therefore, a finding of fact by the Commission on this issue, based on any medical testimony or on inferences to be drawn from medical testimony, should be given substantial deference because of the expertise acquired by the Commission in this area. (See 1 A. Larson, Workmen's Compensation sec. 12.20, at 3–316 to 3–329 (1978).) We cannot say that the Commission's determination is against the manifest weight of the evidence, and therefore the trial court erred in reversing the order of the Industrial Commission. The judgment of the circuit court of Wayne County is reversed and the award is set aside.

*Judgment reversed;*
*award set aside.*