(No. 52206.— )

GARY SEGLER, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.* (Caterpillar Tractor Co., Appellee).

*Opinion filed May 30, 1980.*

126

Jay H. Janssen and Kenneth L. Ott, of Peoria, for appellant.

Robert F. Fahey, of Peoria, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Claimant, Gary Segler, filed an application for adjustment of claim alleging that he was injured while in the employ of the respondent, Caterpillar Tractor Company. An arbitrator found that the claimant sustained accidental injuries arising out of and in the course of his employment, which injuries resulted in the permanent and complete loss of use of each leg to the extent of 35% thereof. On review, the Industrial Commission reversed the decision

of the arbitrator and set aside the award. The circuit court of Peoria County affirmed the decision of the Commission, and claimant appealed.

Claimant was employed by the respondent as a "punch-out monitor." Approximately 20 to 25 feet from claimant's work station, there was a large industrial oven through which passed a conveyor-roller system. Block-like 30-inch-high "flasks," which contained molds, were fixed at regular intervals on the conveyor. They were transported on the conveyor into the oven. Claimant testified that, in order to reach his work area, he was regularly required to pass through the spaces between the flasks.

On the morning in question, the conveyor system was not operating, but the oven was warm. Claimant, having previously observed one employee put food into the oven, placed a frozen pot pie on a shelf inside the oven. Approximately 30 minutes later, as he reached into the oven to retrieve the pie, the conveyor system was started. The flask nearest the oven struck and moved claimant's right foot, placing him in a position between one flask and the oven. A vertically protruding pin, approximately 1½ inches in diameter and 3½ inches high, affixed to the advancing flask, struck claimant's left hip, forcing him against the oven. Thus wedged, claimant was injured as the flask pin tore through his left, then his right, hip and buttocks.

The employer offered no evidence at the hearing before the arbitrator but, on review, introduced three photographs of the oven and flask-conveyor system.

Claimant contends that because his injury resulted from a risk inherent in the premises and because his actions did not increase that risk, the injury he suffered arose out of and in the course of his employment. The employer argues that claimant's actions were unnecessary, inherently dangerous and unreasonable, and that the Commission's decision was not therefore against the manifest weight of the evidence.

An injury is compensable under workmen's compensation only if it arose out of and in the course of employment. To "arise out of" employment, an injury must have its origin in some risk connected or incidental to the employee's duties so that there is a causal connection between the injury and the employment. An injury is "in the course of" employment when it occurs within the period of employment, at a place where the employee can reasonably be expected to be in the performance of his duties, and while he is performing those duties or doing something incidental thereto. (See *Scheffler Greenhouses, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 361, 366-67, and cases cited therein.) Acts of personal comfort are generally held to be incidental to employment duties and, thus, are in the course of employment. However, if the employee voluntarily and in an unexpected manner exposes himself to a risk outside any reasonable exercise of his duties, any injury incurred as a result will not be within the course of employment. See *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 277, and cases cited therein.

In the present case, the claimant was not in the reasonable exercise of his duties at the time the injury occurred. He was performing no job task in that area, and his actions cannot be thought of as beneficial to the employer. Instead, the claimant voluntarily undertook a course of action solely for his own benefit, thereby exposing himself to a risk greater than that to which he would have been exposed had he been pursuing his assigned duties at his designated work area 25 feet away. His actions were, in fact, unnecessary, inherently dangerous and unreasonable.

Despite the fact that an employee chooses an unreasonable and unnecessary risk, the employer may, nonetheless, be held liable if he has knowledge of or has acquiesced in such a practice or custom. (*Union Starch v.*

*Industrial Com.* (1974), 56 Ill. 2d 272, 277.) In the present case, however, there is no basis for finding that the employer had knowledge of or acquiesced in such an act. The claimant himself testified that, during the 1½ years he had worked in this area, he had seen only one person place food in the oven.

The claimant argues that his injuries are compensable since he was regularly required to pass over the conveyor in order to get to and from his work area and since his act of placing a pot pie in the oven exposed him to no greater risk than that to which he was daily exposed. At the time of injury, however, claimant was not going to or from his work station and was, in fact, between the oven and a flask, not between two fixed flasks, his customary point of crossing the conveyor.

We have often stated the rule that it is within the unique province of the Commission to draw inferences from facts presented and to determine whether the injury was the result of unreasonable, unexpected and unnecessary risks to which an employee voluntarily exposed himself. (*Yost v. Industrial Com.* (1979), 76 Ill. 2d 548, 551.) We find that, under the instant circumstances, the Commission could find that the claimant's conduct constituted an unreasonable risk and, consequently, that the injury did not arise out of or in the course of employment. Such a conclusion is not against the manifest weight of the evidence.

*Judgment affirmed.*