(No. 58332.—)

DENNIS BERRY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*, (A.O. Smith Corporation, Appellant).

*Opinion filed January 20, 1984.*

Eric Robertson and Edward C. Fitzhenry, Jr., of Lueders, Robertson & Konzen, of Granite City, for appellant.

Andrew T. Nalefski, of Lakin & Herndon, P.C., of East Alton, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

In this workers' compensation case, an arbitrator found that claimant, Dennis Berry, suffered accidental injuries while employed by the A.O. Smith Corporation and awarded him medical payments, a sum representing 44 weeks of temporary total disability, and compensation for permanent loss of 5% of the man under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). On review, without taking additional evidence, the Industrial Commission reversed the arbitrator's award, finding that the claimant had failed to prove that the accident caused any temporary or permanent disability, or need for medical care. The circuit court of Madison County set aside the Commission's decision as against the manifest weight of the evidence and ordered that the claimant "have judgment against the [employer] in the amounts stated in the arbitrator's decision, together with all taxable interest, costs and fees." The employer appealed under our Rule 302(a) (87 Ill. 2d R. 302(a)).

The claimant was involved in an automobile accident in September 1978. In that accident he suffered injuries

to his back. He received treatment for those back injuries from Dr. Robert Bolton and had consulted Dr. Bolton for those injuries as late as November 21, 1979. Claimant had obtained pain pills for those problems from the employer's dispensary on December 13, 1979, approximately three weeks before his industrial accident.

The claimant testified that on January 2, 1980, while at work, he felt a "pop" and pain in his back after lifting one of the 28-pound bars which he routinely lifted on his job. He received pain pills for this from the employer's dispensary on the day of the accident. The employer's operation shut down at the close of work that day and did not reopen. The claimant consulted his physician, Dr. Bolton, on January 4, 1980. Dr. Bolton testified that on that date, the claimant complained that the weather was aggravating his back, however, claimant denied making such a statement. The claimant also denied that his back problems before the industrial accident included his lower back.

Dr. Bolton testified, however, that the lower back was injured by the automobile accident. Dr. Bolton recalled finding muscle spasms in the lumbar-spine area during the January 4, 1980, consultation, but conceded that this finding was not noted on claimant's chart despite his custom of noting significant, objective findings, such as spasms. He did not X ray claimant's lumbar spine until February 1, 1980. Dr. Bolton stated it was his considered medical opinion that the industrial accident could have aggravated the preexisting injury, rendering the claimant unable to work. He also was of the opinion that the industrial accident would be a cause of permanent injury, osteoarthritis, in the "distant future." He conceded that there were no objective findings to support this conclusion. He admitted that he had previously, before the industrial accident, predicted that claimant would in the future suffer from osteoarthritis as a result of the auto-

mobile accident.

Dr. Charles I. Mannis testified for the employer based upon his single examination of the claimant on April 12, 1980. He found no muscle spasms. Dr. Mannis took an X ray of claimant's back which revealed a congenital deformity of the lumbar spine. He found no reason to limit the claimant's work. Dr. Mannis testified that the prior back injuries could be the cause of the post-January 2, 1980, pain complained of by the claimant. He conceded that the industrial accident might also be a cause. It was Dr. Mannis' opinion that there was no objective evidence to support an opinion that claimant suffered a permanent injury.

In its order setting aside the decision of the Commission, the circuit court commented that the arbitrator was in a significantly better position to view witnesses, to weigh the testimony, and to determine the weight to be given to the evidence than was the Commission. This comment ignores the fact that it is the peculiar province of the Industrial Commission to determine the credibility of witnesses, to weigh the testimony, and to determine the weight to be given to the evidence. Regardless of whether or not the Commission hears testimony in addition to that heard by the arbitrator, it exercises original jurisdiction and is in no way bound by the arbitrator's findings. *Seiber v. Industrial Com.* (1980), 82 Ill. 2d 87, 97; *Orr v. Industrial Com.* (1970), 47 Ill. 2d 242, 243.

Claimant argues that there is in fact no testimony contradicting Dr. Bolton's statement that the industrial accident aggravated claimant's preexisting back condition. It is his contention that Dr. Mannis' testimony does not contradict this opinion. Therefore, since the evidence on this issue is uncontradicted, claimant argues, the decision of the Commission must be set aside. We do not view the evidence in this light. Dr. Mannis testified that the automobile accident may have caused the problems

which claimant now complains of. Also, Dr. Mannis found no reason to limit the claimant's work. In addition to this contradictory testimony, there were several matters relating to claimant's and Dr. Bolton's testimony that could be viewed by the Commission as detracting from its credibility. The Commission made specific findings of fact. Its findings as to Dr. Bolton's testimony highlight the parts of that testimony which cast doubts on the conclusions the doctor reached. As to Dr. Bolton's testimony, the Commission found:

"Petitioner testified that on January 4, 1980 he saw Dr. Bolton, who had previously treated him for back injuries sustained in a car accident. Although Dr. Bolton testified he found muscle spasm on January 4, he had no written record of any findings on that date, and although he said it was his custom to note any significant changes or findings or problems in his records, he did not record any results for straight leg raising, reflex, neurological, and sensory tests, because they were negative. On January 4, 1980 Dr. Bolton only took x-rays of Petitioner's thoracic spine, which was one of the areas involved in the earlier auto accident, and treated Petitioner for scoliosis. He did not take x-rays of the lumbar spine, which Petitioner claims he injured, until February 1. Dr. Bolton also said he performed no neurological examinations of Petitioner subsequent to January 4, 1980, and his records contained no notations of changes or problems found in his monthly reevaluation examinations, and while he testified that Petitioner had been and remained unable to work, and had sustained permanent disability because in 10 years he would develop osteoarthritis, he had no objective findings to support these conclusions. Based on the above, the Commission finds Dr. Bolton's records show no change in Petitioner's preexisting back conditions as a result of the accident on January 2, 1980."

Resolving conflicts in the evidence, drawing inferences from the testimony, and determining the credibility of witnesses and the weight to be given their testimony are matters within the province of the Industrial Commission. The

Commission is entitled to draw reasonable inferences from both direct, and circumstantial, evidence. A court will not disregard those permissible inferences merely because other inferences might have been drawn. (*Long v. Industrial Com.* (1979), 76 Ill. 2d 561.) In *Long,* this court stated:

> "Cases involving aggravation of a preexisting condition concern primarily medical questions and not legal ones. Therefore, a finding of fact by the Commission on this issue, based on any medical testimony or on inferences to be drawn from medical testimony, should be given substantial deference because of the expertise acquired by the Commission in this area. (See 1 A. Larson, Workmen's Compensation sec. 12.20, at 3-316 to 3-329 (1978).)" *Long v. Industrial Com.* (1979), 76 Ill. 2d 561, 565-66.

We conclude that the evidence and the legitimate inferences that can be drawn from the evidence support the decision of the Industrial Commission, and that its decision is not contrary to the manifest weight of the evidence. The circuit court erred in setting aside the decision of the Industrial Commission. We therefore reverse the judgment of the circuit court of Madison County.

*Judgment reversed.*