(No. 58413.—

WILLIAM STEINER, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Granite City Steel Company, Appellant).

*Opinion filed March 23, 1984.*

William L. Rogers, of Keefe & De Pauli, P.C., of Fairview Heights, for appellant.

Michael J. Meehan, of Callis & Hartman, P.C., of Granite City, for appellee.

JUSTICE WARD delivered the opinion of the court:

The claimant's employer, Granite City Steel Company, appealed under Rule 302(a) (87 Ill. 2d R. 302(a)) from a judgment of the circuit court of Madison County which set aside a decision of the Industrial Commission on the ground that it was contrary to the manifest weight of the evidence.

On June 5, 1979, the claimant, William Steiner, was employed as a security guard at Granite City Steel Company. He testified that as he was descending a flight of stairs he stepped on a sewer drain, which collapsed and caused him to twist his back. The claimant testified that he felt "as if [he] pulled a muscle in [his] back." He continued to work and did not report the accident. Upon completion of his shift, at 7 a.m., he returned home and went to sleep. Later that day, he testified, in attempting to move a picnic table into his house, he felt a "pop" in his lower back which was followed by severe pain. The claimant was not due to return to work until June 8,

1979, and for the next three days he rested and applied a heat pad to his back.

On the night of June 7, 1979, the claimant's wife called the security dispatcher at Granite City Steel and advised that the claimant had "bent over to pick up a picnic table and [became] stuck in that position," and that he could not report for work. The next day the claimant was admitted to St. Elizabeth Hospital in Granite City. Mrs. Steiner reported to the dispatcher that the claimant had been hospitalized. The hospital's records indicated that the claimant felt "mild pain" after stepping on a drain at work. The hospital case history states that he attempted to lift a picnic table on June 7 and felt a "pop" in his back. Thereafter he experienced "constant" and "severe" pain radiating from his back to his left leg. The pain was "so severe that he was brought to the hospital."

The claimant was treated with medication and traction. The pain persisted and a myelogram disclosed a ruptured disc. Three days later, the claimant underwent a laminectomy. He was released from the hospital on July 10, 1979.

An arbitrator of the Industrial Commission awarded the claimant 25$\frac{5}{7}$ weeks of temporary total disability benefits and 100 weeks of permanent partial disability representing 20% permanent loss of the whole person. On review, the Industrial Commission reversed the arbitrator's award. The Commission found that an accident did occur during the course of the claimant's employment, but that it was not the cause of the claimant's subsequent medical treatment and disability.

The circuit court, on *certiorari*, set aside the decision as being contrary to the manifest weight of the evidence and reinstated the arbitrator's award. The employer then appealed to this court. 87 Ill. 2d R. 302(a).

The only question on this appeal is the classic one in

Industrial Commission cases—Was the decision contrary to the manifest weight of the evidence? The employer contends that it was not and that the circuit court improperly substituted its own interpretation of the evidence.

It is not disputed that the claimant suffered a back injury and required medical treatment. The evidence, however, raised the issue of what caused the injury. The claimant's wife and the dispatcher testified that his absence from work was reported as being the result of attempting to lift the picnic table. Hospital records indicated that the claimant reported the picnic-table accident as having caused his severe pain and subsequent hospitalization. The claimant's back had "popped" while he was attempting to lift the table, which brought a "constant" and "severe" pain. The hospital records also indicated that the picnic table accident occurred on June 7, the day before the claimant was hospitalized, and not on June 5, as the claimant testified. June 5 was the date of the claimed accident at work, which the claimant failed to report.

It is the responsibility of the Industrial Commission to determine whether a causal relationship existed between the claimant's injuries and the claimed industrial accident. (*Domagalski v. Industrial Com.* (1983), 97 Ill. 2d 228, 236.) In doing so, it is within the province of the Industrial Commission to judge the credibility of witnesses, draw reasonable inferences from the testimony, and determine the weight testimony is to be given. *Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 405; *A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 246.

The conclusion of the Industrial Commission that the picnic-table accident caused the claimant's injuries could reasonably be inferred from the evidence. That this or another court might draw different inferences is not rel-

evant because "this court will not disregard or reject permissible inferences drawn by the Commission." *Castaneda v. Industrial Com.* (1983), 97 Ill. 2d 338, 341.

The claimant argues that, as no medical testimony on the issue of causation was presented, the Commission could not properly decide that issue. The argument is not persuasive. The issue of causation was implicit in the issue of whether the injury arose out of and in the course of employment, and the burden was upon the claimant to establish this element of his cause. (*Board of Education v. Industrial Com.* (1981), 83 Ill. 2d 475, 479.) There was testimony at both the arbitration hearing and at the hearing before the Commission on the question of causation. That the claimant, and the respondent as well, chose not to offer medical evidence on the issue of causation did not preclude the Commission from finding against the claimant on that issue. That finding was not contrary to the manifest weight of the evidence.

For the reasons given, the judgment of the circuit court is reversed, and the finding of the Industrial Commission is reinstated.

*Judgment reversed;*
*order reinstated.*