HENRY V. BRADWAY, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Pierce Glass Company, Appellee).—RAYMOND J. STEFFENS, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Pierce Glass Company, Appellee).

Fourth District (Industrial Commission Division)   Nos. 4—84—0092 WC, 4—84—0093 WC cons.

Opinion filed May 31, 1984.

Cornfield and Feldman, of Chicago (Linzey D. Jones, of counsel), for appellants.

Heyl, Royster, Voelker & Allen, of Springfield (Gary L. Borah, of counsel), for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Claimants, Henry V. Bradway and Raymond J. Steffens, suffered accidental injuries when a barrel on the premises of Pierce Glass Company exploded as one of the claimants sought to make a weld with a torch. The claimants were in the process of constructing a pontoon boat as a personal project. The arbitrator found that the injuries did not arise out of and in the course of employment. The Commission affirmed the arbitrator's decision, and the circuit court confirmed the Commission's decision. Claimants appeal, contending that the employer acquiesced in the practice of employees making personal items from unused company materials while at work.

Bradway had been employed by the glass company for nine years and Steffens for 22 years. On May 19, 1978, both claimants were working on the night shift. Before work, Bradway loaded three or four empty barrels from a dumping area into his truck and transported them to the machine repair shop. During a regularly scheduled paid lunch break in the early morning hours of May 20, the claimants unloaded the barrels in the machine shop. As Steffens touched one of the barrels with the torch, it exploded, causing the resulting injuries to both claimants. It was later found that the unmarked barrel had contained gasoline which had been used for auxiliary power equipment during a previous power shortage, although gasoline was not one of the customary contents of the company's barrels.

At the hearing before the arbitrator, Bradway testified that any employee who wanted any of the barrels was permitted to take them and that various employees, including supervisors and foremen, would take barrels periodically for their own use. He did acknowledge, however, that the company used the empty barrels for other purposes. Bradway testified that he knew about a company rule prohibiting the making of knives at the plant. Both claimants stated they had known of no other rule forbidding employees from using company scrap material or barrels for their own personal use or requiring permission to

take barrels. Steffens acknowledged, however, that at the time of the accident he was aware that certain barrels were deposit barrels for which the company could receive a refund. Bradway further testified that over a period of years he had made various kinds of ash trays, bubbles and glass swans on company time and that this was not an unusual practice. A hunting knife and an ash tray made on company time with company materials were introduced into evidence. Steffens testified that some three to five years earlier he had made a small metal gate for himself on company time using its materials and welding equipment and that a foreman was present. Steffens observed another employee make a fish cooker in the machine shop approximately five years earlier, but admitted that he "didn't see too many projects."

Bradway testified that, at the beginning of his work shift, he informed the acting foreman about what he was doing although he did not ask him permission. Pierce Glass, however, introduced into evidence a statement signed by Bradway in which he admitted that the acting foreman did not know of the work being done on the barrels.

There is evidence on behalf of the employer that company rules and policies were posted on the bulletin board where the employees punched in and out and that they were never taken down. The posted policy prohibited making personal projects on the premises, especially if using company material.

■ "[I]f the employee voluntarily and in an unexpected manner exposes himself to a risk outside any reasonable exercise of his duties, any injury incurred as a result will not be within the course of employment." (*Segler v. Industrial Com.* (1980), 81 Ill. 2d 125, 128.) Nevertheless, the employer may be held liable in that case "if he has knowledge of or has acquiesced in such a practice of custom." (81 Ill. 2d 125, 128; see 1A A. Larson, Workmen's Compensation sec. 27.31(b) (1982).) Where evidence can give rise to conflicting inferences, a reviewing court, although it might have drawn different inferences from the evidence in the record, will not set aside a Commission finding unless it is against the manifest weight of the evidence. *Schultheis v. Industrial Com.* (1983), 96 Ill. 2d 340, 348; see also *Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 406-07.

■ The Commission could have reasonably inferred that the employer did not acquiesce in the practice of using company materials, particularly barrels, to make personal items on the company premises. The prior personal projects were not made from barrels, Steffens knew at the time of the injury that certain company barrels were deposit barrels, Bradway knew about the company rule prohibiting the

making of knives at the plant, and Bradway acknowledged that the company used the empty barrels for other purposes. Moreover, whether or not Bradway told his acting foreman that he was working on some company barrels was a question of fact which the Commission decided in favor of the employer. This decision is supported by the statement signed by Bradway and the testimony of a company witness.

■ Claimants' further argument that their injuries were incidental to their employment since they were caused by a condition of the work place, namely, using unmarked barrels to transport gasoline, is not persuasive, and the citation of *Material Service Corp. v. Industrial Com.* (1973), 53 Ill. 2d 429, is not supportive. In *Material Service* the court found that the employer clearly contemplated that its employees would go out to the parking lot to start their cars and that the lot was hazardous. The conduct involved in the death of the employee in *Material Service* was both contemplated by the employer and was expressly authorized. Here, there is no proof that the employer contemplated that its employees would apply a torch to a barrel belonging to the employer, conduct which could be viewed as unreasonable under the circumstances and not incidental to employment.

The judgment of the circuit court of Logan County is affirmed.

Affirmed.

McNAMARA, BARRY, WEBBER, and KASSERMAN, JJ., concur.