WILLIE G. SWINDLE, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Decatur School District No. 61 *et al.*, Appellees).

Fourth District No. 4—84—0099WC

Opinion filed August 7, 1984.

David A. Dvorak, of Burger, Fombelle, Dvorak, Baxter & Zachry, P.C., of Decatur, for appellant.

Michael J. Kehart, of Welsh, Kehart, Shafter & Hughes, P.C., of Decatur, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Willie Swindle, filed two claims seeking compensation for injuries sustained while in the employ of respondent, Decatur School District No. 61. Regarding the first claim relating to an accident on March 31, 1978, an arbitrator awarded petitioner $55^5/_7$ weeks of temporary total disability; permanent partial disability for 100% loss of use of the left hand; 15 weeks each for serious and permanent disfigurement to the left and right leg; and seven weeks for serious and permanent disfigurement to the left arm. Regarding the second claim, the arbitrator found that petitioner failed to prove he sustained an injury arising out of and in the course of his employment on May 14, 1979. Both sides requested review, and on review, the Industrial Commission reduced the awards for disfigurement to the left and right leg to five weeks each and to the left arm to four weeks, and affirmed the decision of the arbitrator in all other respects. The circuit court of Macon County confirmed the decision of the Commission. Petitioner appeals.

On appeal petitioner contends that he established a causal connection between his back and leg problems and the March 31, 1978, accident; that he is entitled to temporary total disability for his back and leg problems and compensation for related medical bills; that he is totally and permanently disabled; that he is entitled to additional compensation for respondent's failure to continue paying compensation after the arbitration hearing; and that the Commission's reduction of the arbitrator's award for serious and permanent disfigurement is not supported by the evidence. Petitioner has not appealed the decision of the Commission finding that his lower back injury did not arise out of and in connection with an accident on May 14, 1979, his last day of work.

At the hearing before the arbitrator, petitioner testified that on March 31, 1978, he was injured while working as an electrician for respondent. While cleaning near a generator, his shirt sleeve was caught in a fan, causing his left hand to be jerked into the fan. Petitioner was hospitalized for his severely injured hand and upon his request was treated by Dr. David Barnes. Dr. Paul Weeks, a specialist in hand surgery and rehabilitation, performed multiple surgeries on petitioner's hand.

Petitioner further testified that on April 23, 1979, he was released to return to work by Dr. Barnes. Dr. Barnes placed no restrictions on petitioner, except that since his left hand would not function normally, he was not to place himself in a position where his other extremities would be threatened. Petitioner stated that from the date of the 1978 accident to the hearing date, he had constant pain in his lower back, left hip and left leg, and numbness in his left leg. On May 14, 1979, while lifting some materials at work, petitioner stated the pain became so severe he had to stop working. Petitioner called Dr. Barnes, who referred him to Dr. Joseph Schrodt, an orthopedist. Petitioner saw Dr. Schrodt once in May, and again in July 1979, and was given a back brace to wear.

On cross-examination, petitioner stated that he did not tell Dr. Barnes about the pain in his lower back and leg until May or July 1979. He never mentioned any such pain to Dr. Weeks.

Petitioner's wife testified that petitioner experienced lower back and leg pain and numbness constantly since his initial hospitalization. One nurse's notation on April 25, 1978, states that petitioner complained of severe back pain and that the pain subsequently eased.

Dr. Barnes, petitioner's treating physician, testified by means of an evidence deposition that the first complaint he was certain he received from petitioner about his back and leg pain was in July 1979,

approximately 16 months after the accident. Dr. Barnes testified that assuming sufficient torque or twisting motion, the generator accident could have caused petitioner's back problems. He also stated that the considerable force thrust on petitioner's hand did not mean that such force was exerted on his back as well.

Dr. Schrodt reported that petitioner told him he first noticed his back and leg pain in December 1978 or January 1979, after he became more active. Dr. Schrodt diagnosed a disc syndrome along with spondylolisthesis. Spondylolisthesis is a developmental condition of the lower back whereby one vertebra slips over another. Petitioner had this condition before the generator accident. Dr. Schrodt reported that although it was possible for trauma to cause aggravating symptoms of spondylolisthesis, it was impossible for him to establish the cause of petitioner's back pain because he did not treat petitioner's initial hand injury. On July 16, 1979, he reported petitioner's improved condition.

Dr. Joseph Ankenbrandt, an orthopedist, examined petitioner on October 2, 1979. He reported that petitioner told him he experienced back pain for the past 10 months. Dr. Ankenbrandt reported further that the length of time between the accident and petitioner's stated onset of back pain suggested that the accident had not aggravated his spondylolisthesis condition. Petitioner's back motion indicated very minimal impairment, so that Dr. Ankenbrandt believed petitioner could return to work without restrictions.

At the hearing on review, petitioner testified that in May 1980, without referral by any doctor, petitioner saw Dr. Kaufman. Dr. Kaufman testified by means of an evidence deposition that he diagnosed a herniated disc along with spondylolisthesis. Dr. Kaufman, along with Dr. Menguy, performed a laminectomy and fusion surgery. Dr. Kaufman opined that, based upon petitioner's statement that he had back and leg pain since the date of the accident and had no problems prior to that time, there was a causal connection between the 1978 accident and his back problems. In December 1980, petitioner was released to work without limitation. Dr. Kaufman found petitioner's post-operative recovery to be excellent and that he had no significant disability.

Petitioner testified that, after he received his medical release, he spoke with his supervisor, Harry Kemper, about returning to work. He stated that he showed Kemper the return-to-work slip and was told it was not good enough. Kemper said the work slip had to state specifically that he could work full time and was not limited to light work. On cross-examination, petitioner stated that he did not think

he actually showed Kemper the return-to-work slip.

Kemper testified that petitioner never gave him a return-to-work slip following his back surgery. Petitioner never requested to return to work, and respondent never refused to allow his return to work.

■ Petitioner initially contends that the Commission's decision that he failed to prove a causal connection between his lower back problems and the 1978 injury is against the manifest weight of the evidence. Petitioner urges that the medical evidence on the issue of causation is not conflicting and requires a finding of causation. The record does not support his contention. While Dr. Kaufman stated that petitioner's lower back problems were caused by the injury and Dr. Barnes testified that the accident could have caused the back condition, Dr. Ankenbrandt stated that the length of time between the accident and petitioner's stated onset of back pain indicated that there was no causal relationship. Dr. Schrodt stated that it was impossible for him to make the causal determination.

It is the responsibility of the Commission to determine whether a causal relationship existed between petitioner's back problems and the accident. (*Steiner v. Industrial Com.* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363.) In making that determination, it is within the province of the Commission to judge credibility, resolve conflicting medical testimony and draw reasonable inferences from the evidence. *Steiner v. Industrial Com.* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363; *Lambert v. Industrial Com.* (1980), 79 Ill. 2d 243, 402 N.E.2d 617.

The decision of the Commission that the 1978 injury was not the cause of petitioner's back problems finds ample support in the evidence. Petitioner did not complain of back pain to any of the four doctors who treated him until 14 months after the accident, despite the fact that he claimed back pain since the date of the accident. Petitioner had a developmental back condition before the accident, and it was uncontradicted that his condition could give rise to disc problems without trauma. Dr. Ankenbrandt's opinion of no causation was consistent with these facts. That a court might have drawn different inferences from the evidence is not relevant, since a reviewing court will not disregard or reject permissible inferences from the evidence. (*Steiner v. Industrial Com.* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363.) The Commission's decision that the 1978 injury was not causally related to petitioner's back condition is not contrary to the manifest weight of the evidence. Accordingly, its decision denying petitioner temporary total disability and medical bills for his back condition was also proper.

■ ■ Petitioner also contends that he is totally and perma-

nently disabled due to the March 31, 1978, accident. A claimant is totally and permanently disabled when he is unable to make some contribution to the work force sufficient to justify the payment of wages. (*Interlake, Inc. v. Industrial Com.* (1981), 86 Ill. 2d 168, 427 N.E.2d 103.) Although a claimant is not required to prove total incapacity or helplessness for a complete disability award, a claimant capable of obtaining gainful employment without danger to his health or life is not totally disabled. *Interlake, Inc. v. Industrial Com.* (1981), 86 Ill. 2d 168, 427 N.E.2d 103.

■■ While petitioner sustained a severe and permanent injury to his left hand for which he was granted an award for complete loss of the use of that hand, he has not shown that he is totally and permanently disabled. After petitioner's left hand was relegated to a helper status, he was released by his doctor to return to the same job he had at the time of the accident. Petitioner returned to work for three weeks and did not leave work because his left hand precluded him from work. Rather, he left work because of a back injury which was unrelated to his employment, and despite overwhelming evidence that he was able to work. The Commission's decision denying petitioner an award for total permanent disability is not contrary to the manifest weight of the evidence.

■■ ■ Petitioner also argues that the Commission's reduction of the arbitrator's award for serious and permanent disfigurement is not supported by the evidence. We note first that the Commission is not bound by any finding of the arbitrator. (*Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 459 N.E.2d 963.) The standard of reviewing the Commission's findings is simply whether they are contrary to the manifest weight of the evidence, regardless of any variation from the arbitrator's decision. The Commission based its finding of serious and permanent disfigurement to petitioner's left arm to the extent of four weeks upon its observation that his arm had numerous minor small light spots. It also observed the smooth white scar on each leg where skin grafts had been taken and found that petitioner sustained serious and permanent disfigurement to the extent of five weeks. We cannot say that these findings are against the manifest weight of the evidence.

■■ Although petitioner also contends that he is entitled to additional compensation under sections 19(k) and 19(1) of the Act for respondent's failure to make payments after the arbitration hearing, those provisions require the party to request such compensation from the Commission. (*A. O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224, 357 N.E.2d 539.) Petitioner failed to make that re-

quest before the Commission and has waived the issue.

For the reasons stated, the judgment of the circuit court of Macon County confirming the decision of the Industrial Commission is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., MILLS, BARRY and KASSERMAN, JJ., concur.