RALPH HESTON, Petitioner-Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Owens-Illinois, Inc., Respondent-Appellant).

Fifth District (Industrial Commission Division)   No. 5—86—0786WC

Opinion filed December 9, 1987.

William L. Rogers, of Keefe & DePauli, P.C., of Fairview Heights, for appellant.

G. Edward Moorman, of Alton, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner Ralph Heston allegedly injured his back on February 28, 1981, while repeatedly lifting 100-pound molds for respondent Owens-Illinois, Inc. An arbitrator found that petitioner suffered a compensable injury and awarded $286.67 per week for 20$5/7$ weeks as temporary total disability benefits, and for 25 weeks as permanent partial disability benefits to the extent of 5%, plus medical expenses. The Industrial Commission reversed, finding no causal connection between the February 28 incident and petitioner's condition. The circuit court of Madison County reversed the Commission's decision, and respondent appeals.

Petitioner, a mold maker, worked on February 27, 1981, from 3:30 p.m. until about 12:30 a.m. on February 28. At that time, petitioner complained to his supervisor of back pain, and he was allowed to go home. Petitioner's duties that day required that every 12 minutes he lift molds weighing 75 to 100 pounds.

On March 1, petitioner helped a friend, Frank Haines, move a desk which Haines was buying from Noble Wyatt, a supervisor for respondent. Petitioner testified that the desk weighed about 100 pounds and was awkward to carry. He was taking muscle relaxants on that day, but still experienced back pain while carrying the desk. Petitioner also testified that he did not see a doctor regarding his back injury of February 28 until March 4 because he had to report for jury duty on March 2 and 3.

Wyatt testified for respondent that the desk which petitioner

moved measured 60 inches on one side, and weighed between 150 and 200 pounds. Petitioner and Haines carried the desk up about 12 steps from Wyatt's basement. They found the desk would not fit through a doorway. For approximately 15 minutes, petitioner stood on the stairway supporting the desk on his knee while Haines removed the desk's legs. The two men took the desk back down the stairway, turned it, and again carried it up the stairway. Petitioner and Haines then carried the desk down the driveway and lifted it into a truck. Wyatt testified that petitioner made no complaints of physical discomfort or pain that day.

On March 4, petitioner went to work, but his back "gave out" on him. He reported to the nurse that he strained his back lifting molds. The company doctor noted paravertebral muscle spasms and advised petitioner to go home for a few days. On March 9 and March 11, petitioner again saw the company doctor, who released petitioner for work. The doctor indicated he believed that petitioner might be exaggerating his complaints. Petitioner refused to return to work and instead went to see his family physician, Dr. Tanin Parich.

Petitioner told Dr. Parich of the February 28 incident, and of a previous back injury which occurred five or six years earlier. Dr. Parich diagnosed acute left sciatic neuritis. Petitioner was hospitalized from March 13 to March 19 for physical therapy and tests. The discharge diagnosis was acute lumbosacral spine strain without encroachment of the nerve root, and degenerative change of the lumbosacral spine.

Petitioner continued to receive treatment from a chiropractor, Dr. Gerald Bemis, until October 30, 1981, when Dr. Bemis opined that petitioner had reached maximum improvement. Dr. Bemis' diagnosis was severe spraining of the lumbosacral area with resultant left sciatic neuralgia. Dr. Luebbert, an osteopath, examined petitioner on July 30, 1981, at the request of petitioner's attorney. Dr. Luebbert diagnosed a lumbosacral sprain with a possibility of a herniated lumbar disc. Dr. Marshall Conrad examined petitioner on October 2, 1981, at the request of respondent. Dr. Conrad found no objective abnormal physical findings and expressed the opinion that petitioner could return to work after an additional two weeks of physical therapy and the fitting of a corset for low back support.

At the arbitration hearing on April 7, 1982, petitioner testified that his left leg was numb, he had no feeling in his toes, and he could not stand for long before his back started hurting. On May 14, 1982, the arbitrator awarded benefits to petitioner, finding that the onset of back pain following repeated heavy lifting was an accident which

arose out of and in the course of petitioner's employment.

On September 7, 1984, the Commission reversed the arbitrator's decision after finding that petitioner failed to prove a causal connection between the accident of February 28, 1981, and the condition of ill-being complained of by petitioner. On November 14, 1986, the trial court reversed the Commission's decision denying benefits, finding the decision was against the manifest weight of the evidence.

On appeal, respondent contends that the Commission's finding of no causal connection should be upheld. We agree because we believe that there was ample evidence to support the Commission's decision.

■■■ Petitioner argues that "there is no medical evidence whatsoever which ties the alleged intervening incident to petitioner's disability," and that respondent "presented no medical opinion that the disability was caused by the desk-carrying incident." The burden of establishing the elements of a claim is on the employee, not the employer. (*Bemis Co. v. Industrial Comm'n* (1981), 85 Ill. 2d 291, 423 N.E.2d 896.) Furthermore, where the parties choose not to offer medical evidence on the issue of causation, the Commission is not precluded from finding against the petitioner. Medical testimony is not necessarily required to either establish or disprove causation and disability. See *Westinghouse Electric Co. v. Industrial Comm'n* (1976), 64 Ill. 2d 244, 356 N.E.2d 28.

■■ Petitioner offered evidence that he suffers from a back injury which required medical treatment. This is not strongly disputed by respondent, as even its examining physician recognized the need for physical therapy and a corset for back support. The crux of this matter rests upon the issue of what actually caused the disability. It is the responsibility of the Commission to determine whether a causal relationship exists between the injuries and the alleged work accident. (*Steiner v. Industrial Comm'n* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363.) It is within the province of the Commission to judge the credibility of witnesses, draw reasonable inferences from the testimony, and determine the weight testimony is to receive. *Berry v. Industrial Comm'n* (1984), 99 Ill. 2d 401, 459 N.E.2d 963.

■■ Petitioner argues that in finding no causal connection the Commission erroneously relied only upon an "unsupported conjecture that the desk-carrying incident was a contributory factor." We find that, based upon the evidence and legitimate inferences drawn from the facts, the Commission was entitled to find that petitioner failed to prove a causal connection between his employment and his back condition.

The sequence of events strongly supports the Commission's find-

ing. On the day following the alleged injury at work, petitioner helped move a 100- to 200-pound desk up 12 stairs, held the desk in position by resting it on his knee while the legs were removed, took the desk back down the stairs, turned it, carried it back up the flight of stairs, carried it down a driveway, and lifted it into a truck. Petitioner's strenuous activity on March 1, requiring a great deal of difficult maneuvering and back strain, permits a reasonable inference that he suffered from no significant back pain that day. The Commission was also entitled to rely upon reasonable inferences which could be drawn from the fact that petitioner moved the heavy desk without complaining to Wyatt, a supervisor for respondent, of a work-related injury suffered the previous day.

In addition, petitioner's delay in seeing a doctor until March 4 supports a reasonable inference that the more recent lifting activities on March 1, rather than the mold lifting on February 28, caused the complained-of disability.

■■ Petitioner relies entirely upon his own testimony that his back "starting hurting" at work. He maintains that his testimony should control because it was the "only direct evidence on the question of whether petitioner's disability was related to his employment." In certain circumstances, the uncorroborated evidence of the injured worker may be sufficient to support an award. (*Greater Peoria Mass Transit District v. Industrial Comm'n* (1980), 81 Ill. 2d 38, 405 N.E.2d 796.) In the present case, however, the Commission could properly find that petitioner's testimony was insufficient. The testimony merely recites a complaint made to a supervisor who allowed petitioner to go home after nine hours of working. Petitioner offers nothing other than this fragile and tenuous link between his work and the condition of his back.

Petitioner's reliance on *Luckenbill v. Industrial Comm'n* (1987), 155 Ill. App. 3d 106, 507 N.E.2d 1185, is misplaced. In *Luckenbill,* the majority held that the employee met his burden of proving an accidental injury by showing that repetitive lifting at work resulted in a herniated disc. The court found that there was no reasonable alternative explanation for the employee's injuries. In sharp contrast, respondent here offered extremely persuasive evidence of a reasonable alternative explanation for petitioner's injuries.

We conclude that the finding of the Commission that petitioner did not establish a causal connection between the February 28 incident and his condition could reasonably be inferred from the evidence. The fact that other inferences could be drawn does not require us to reject permissible inferences drawn by the Commission. (*Steiner v. In-*

*dustrial Comm'n* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363.) The trial court erred in reversing the Commission's decision.

For the foregoing reasons, the judgment of the circuit court of Madison County is vacated, and the decision of the Industrial Commission denying benefits is reinstated.

Judgment vacated; decision of Commission reinstated.

BARRY, P.J., and WOODWARD, McCULLOUGH, and CALVO, JJ., concur.