ANDREW WILLIAMS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Interlake, Inc., Appellee).

First District (Industrial Commission Division)   No. 1—90—2822WC

Opinion filed July 5, 1991.

Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago, for appellant.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Andrew Williams, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). He sought to recover damages for an alleged injury arising from his employment with the respondent, Interlake, Inc. The arbitrator found in favor of the respondent. The Industrial Commission (Commission) affirmed the arbitrator's decision, finding that the petitioner had failed to establish a causal connection between his condition of ill-being and a work injury. The circuit court confirmed the Commission's decision. The petitioner appeals.

The record shows that on December 9, 1983, the petitioner was working as a laborer for the respondent. The petitioner testified that while working, he was hit in the lower back by the hook of a swinging hoist, which knocked him forward into the wheel of a machine.

He further testified that at the time he was working with another employee, John Dix, cutting bands on coils. To move the coils they used an overhead crane system consisting of a cable about eight feet long with a three- to four-foot-long C hook at the end of the cable. He stated that he had pushed the cable to Dix, who was standing about four feet away. About three to four minutes later, he was struck by the empty hook. He testified that he did not see it coming at him be-

cause he was bent over and had his back to it.

The petitioner then went to see the plant nurse, Betty Tyburski, because he "felt terrible." She examined him, recommended an ice pack, and gave him some pain medication. Tyburski released him with a light-work restriction and told him to see the company doctor. The petitioner also informed his foreman, Ken Spotts, about the incident.

The petitioner testified that the next day he was aching and felt pain in the lower part of his back and in both legs. On December 12, 1983, he was hospitalized for evaluation at South Chicago Hospital, where he was treated by two doctors. He was thereafter released on December 17, 1983.

Regarding his present condition, the petitioner testified that his legs give out on him several times a week. He still suffers from pain in his lower back and in both legs, and he has difficulty sleeping and exercising due to the pain. In addition, he has not worked since the injury.

Nurse Tyburski testified that she examined the petitioner on December 9, 1983. She palpated the petitioner's spine and paraspinal muscles, but found no tightness. In addition, she did not observe any redness, swelling, bruising, or spasms in his back. She also stated that she observed the petitioner bend over, raise his legs, and flex his knees without any apparent stiffness or discomfort.

Tyburski testified that she gave the petitioner pain medication because he asked for it. Finally, she stated that she released him with a light-work restriction because that was the standard operating procedure for an employee complaining of a back injury who had not yet been examined by a doctor.

Foreman Kenneth Spotts testified that he saw the petitioner immediately after the incident and noticed nothing out of the ordinary in the way he walked. He stated that after the petitioner told him what had happened, he went to the petitioner's work area to investigate. He talked to John Dix, who told him he knew nothing about the alleged incident and that he had not seen anything occur.

Spotts also testified that he took the hoist to its rest position and let it go. He noted that it did drift towards the machine the petitioner had been working on. He stated, however, that the cable moved slowly, about 6 to 12 inches per second, and that the hook would "give" if it touched something. From his investigation he concluded that the hook was traveling so slowly it could not have caused an injury.

The medical records show that the petitioner was examined and treated by a number of doctors. The medical reports show that he

was diagnosed as suffering from either acute lumbosacral strain and osteoarthritis of the lumbosacral junction, or a herniated lumbar disc. However, none of the doctors found a causal relationship between the injury of December 9, 1983, and the petitioner's lower back condition.

From the foregoing, the arbitrator found that the petitioner had failed to prove a causal relationship between the alleged injury of December 9, 1983, and the petitioner's condition of ill-being. The Industrial Commission affirmed the arbitrator's decision, and the circuit court confirmed the Commission's decision.

The petitioner argues on appeal that the Commission erred as a matter of law in not finding that the work accident caused his present condition of ill-being. Citing *International Harvester v. Industrial Comm'n* (1982), 93 Ill. 2d 59, 442 N.E.2d 908, he contends that a causal connection between work duties and an injured employee's condition may be established by a particular chain of events, notwithstanding a complete lack of medical testimony establishing causation. Specifically, a chain of events which demonstrates a previous condition of good health, an accident, and a subsequent injury resulting in disability may be sufficient circumstantial evidence to prove a causal nexus between the accident and the employee's injury.

■ We note that it is the Commission's responsibility to determine the existence of a causal connection between an industrial accident and the claimant's injuries. (*Steiner v. Industrial Comm'n* (1984), 101 Ill. 2d 257, 461 N.E.2d 1363.) It is within the province of the Commission to judge the credibility of witnesses, to draw reasonable inferences from their testimony, and to determine what weight their testimony is to be given. (*Anderson Clayton Foods v. Industrial Comm'n* (1988), 171 Ill. App. 3d 457, 526 N.E.2d 844.) Accordingly, the decision of the Commission on a question of fact will not be disturbed unless it is contrary to the manifest weight of the evidence. *Newgard v. Industrial Comm'n* (1974), 58 Ill. 2d 164, 317 N.E.2d 524.

Here, the Commission found the petitioner was hit by the hook in the course of his employment. However, the Commission concluded the condition of ill-being was not connected to the incident. We find that this conclusion was not against the manifest weight of the evidence.

■ Although the petitioner is correct that medical evidence is not necessary to show causation, he nonetheless is wrong in contending that this court must find as a matter of law that the Commission erred. His argument completely ignores the fact that the issue presented in this case involves questions of fact.

The Commission was in the best position to judge the credibility

of the witnesses and obviously it did not find the petitioner's testimony credible. Instead, the Commission chose to believe the testimony of the respondent's witnesses.

Mr. Spotts testified that, even if the petitioner had been hit by the hoist, the impact would not have caused him to suffer an injury. In addition, evidence was presented showing that immediately after the incident the petitioner had no symptoms indicating he had suffered a severe blow to his back.

Based on the foregoing, we conclude that the evidence supports the Commission's finding that the petitioner's condition of ill-being was not connected to his work injury.

The petitioner also contends on appeal that the evidence showed he was permanently disabled. He therefore requests that this court award him benefits accordingly.

Based on the above findings, we hold that the petitioner's contention on this issue is without merit.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCULLOUGH, P.J., and McNAMARA, WOODWARD and LEWIS, JJ., concur.