Industrial Commission Division

September 29, 1999

No.  5-98-0304WC

BEULAH DODSON, ) Appeal from the Circuit

) Court of Clinton County.

Appellant, )

) No. 97-MR-59

)

) Honorable

THE INDUSTRIAL COMMISSION
 et al.
 ) John W. McGuire,

(Meadow Woods Country Club, Appellee). ) Judge, Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Claimant, Beulah Dodson, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 
et seq.
 (West 1998)), for injuries sustained on March 23, 1996, while employed by Meadow Woods Country Club (employer).  The arbitrator concluded claimant's injuries arose out of and in the course of her employment and awarded benefits.  The Illinois Industrial Commission (Commission) reversed, and the circuit court of Clinton County confirmed the Commission’s decision on administrative review.  Claimant appeals to this court, and we affirm.

I.  Background

Claimant had worked for employer as a waitress and cocktail server for seven 

years.  On March 23, 1996, claimant, then age 62, finished her shift late in the afternoon.  She had worked an additional half hour past her regularly scheduled time to help employer prepare for a reception that evening.  Claimant clocked out and exited the clubhouse through the employee exit.  Claimant proceeded down several steps of the concrete sidewalk leading to the employee parking area and, because it was raining hard, she left the sidewalk and walked across a grassy slope to reach the driver's side of her car.  The stairs and employee's sidewalk were in good condition and were not blocked by any obstructions.  
 Claimant testified she walked across the grass because it was the most direct route to her car door.  She also testified that she and other employees walked across the grassy slope many times in the past with employer's acquiescence.  This time, while walking on the sloping grassy path, claimant fell backwards on her right foot and broke her ankle.  As she pushed herself up from her fall, she noticed ice on her hands.

In awarding compensation, the arbitrator reasoned that claimant was injured while she was leaving the employer's premises on a customary and permitted route within a reasonable time before or after work.  The Commission reversed, concluding that the wet and icy grass was a hazard to which claimant would have been equally exposed apart from her employment and that claimant's choice of an alternate route to her car was a personal voluntary act outside the scope of her employment.

II.  Analysis

The Commission's determination of whether an injury arose out of and in the course of employment usually involves a question of fact that will not be disturbed on review unless it is against the manifest weight of the evidence.  
" 'The test is not whether this or any other tribunal might reach the opposite conclusion, but whether there was sufficient factual evidence in the record to support the Commission's determination.' " 
Divittorio v. Industrial Comm’n
, 299 Ill. App. 3d 662, 671 (1998), quoting 
Beattie v. Industrial Comm’n
, 276 Ill. App. 3d 446, 450 (1995).  
Because we are not bound by the Commission’s reasons or findings supporting its decision, we may affirm the Commission’s decision based upon any legal basis appearing in the record.  
Freeman United Coal Mining Co. v. Industrial Comm’n
, 283 Ill. App. 3d 785, 793 (1996). 

It is axiomatic that there are two elements within the requirement that an injury arise out of and in the course of one's employment.  
The "in the course of" element refers to the time, place and circumstances under which the accident occurred.  
Orsini v. Industrial Comm’n
, 117 Ill. 2d 38, 44 (1987).  Injuries that occur on an employer’s premises within a reasonable time before and after work are generally deemed to arise out of and in the course of the employment.  
Caterpillar Tractor Co. v. Industrial Comm'n
, 129 Ill. 2d 52, 57 (1989); 
Archer Daniels Midland Co. v. Industrial Comm’n
, 91 Ill. 2d 210, 215 (1982).

Under the facts of this case, we believe that claimant’s injuries occurred in the course of her employment.  Claimant had just clocked out from work, had exited through the properly designated door, and was walking to her car parked in the employee’s parking lot when she fell and injured herself.  Clearly claimant’s injuries were incurred within a reasonable time after leaving work and were incurred on employer’s premises.  Thus, claimant’s injuries were sustained in the course of her employment.  But c.f. 
Segler v. Industrial Comm'n
, 81 Ill. 2d 125, 128 (1980) ("if the employee voluntarily and in an unexpected manner exposes himself to a risk outside any reasonable exercise of his duties, any injury incurred as a result will not be within the course of employment"); 
Union Starch v. Industrial Comm'n
, 56 Ill. 2d 272, 277 (1974) ("Our courts have found that incidental, or nonessential acts of the employment, such as seeking personal comfort, may not be within the course of employment if done in an unusual, unreasonable, or unexpected manner"); 
Bradway v. Industrial Comm'n
, 124 Ill. App. 3d 983, 985 (1984) (quoting 
Segler
, 81 Ill. 2d at 128)
.

However, we do not believe that her injuries arose out of her employment.  Whether an employee’s injuries “arose out of” the employment may be determined under two different approaches. First, an injury arises out of the employment where its origin stems from a risk connected with, or incidental to, the employment.  
Caterpillar Tractor Co.
, 129 Ill. 2d at 58.  "A risk is incidental to the employment where it belongs to or is connected with what an employee has to do in fulfilling his duties."
  Caterpillar Tractor
 
Co.
, 129 Ill. 2d at 58.  Second, an injury arises out of the employment where it is caused by some risk to which the employee is exposed to a greater degree than the general public by virtue of his employment. 
 Orsini
, 117 Ill. 2d at 45.  Under either approach, an injury does not arise out of the employment where an employee voluntarily exposes himself or herself to an unnecessary personal danger solely for his own convenience.  
Orsini
, 117 Ill. 2d at 47.  

In this respect, the instant case is similar to 
Hatfill v. Industrial Comm'n
, 202 Ill. App. 3d 547 (1990).  In 
Hatfill
, claimant had finished work and was en route to his car parked in the employee parking lot.  Instead of using the walkways located 50 feet to his left and right, claimant took a shortcut by jumping across some water that had accumulated at the foot of the five-foot incline leading to the parking lot's upper level.  In concluding that claimant's injury did not arise out of his employment, the Commission adopted the arbitrator's decision, which stated in part:

" 'Based upon the preceding facts and prior Decisions of the Industrial Commission on Review the Arbitrator finds that there was no reason for Petitioner to jump over the accumulated water onto the incline.  The fact that Petitioner testified that other employees did at times traverse this same inclined area does not mean that the practice was required by the job or a reasonable expectation of the job.  The fact that some people may choose to leave the work place in an unsafe manner does not make such voluntary acts compensable, nor is Respondent required to police the exit routes to prevent all unsafe voluntary acts.' "  
Hatfill
, 202 Ill. App. 3d at 553.

We affirmed, observing: 

"[T]he Commission could have inferred that the claimant's injuries resulted from a personal risk assumed by the claimant.  While the claimant's injuries were incurred upon the employer's premises and were incurred within a reasonable time after leaving his work duties, nevertheless, it is apparent that the claimant's injuries occurred while he was engaged in an activity which only benefitted himself and not his employer."  
Hatfill
, 202 Ill. App. 3d at 554.  

Similarly, in the instant case, the Commission concluded claimant's injuries resulted from exposure to an increased personal risk.  She chose to take a shortcut to her vehicle  and walked down a grassy slope that was ostensibly wet and icy from rain.  Claimant did so instead of proceeding down the unobstructed stairs and sidewalk, both of which the employer provided for employees' ingress and egress.  This was a voluntary decision that unnecessarily exposed her to a danger entirely separate from her employment responsibilities.  Moreover, her choice was personal in nature, designed to serve her own convenience and not the interests of employer.  

We reject claimant’s contention that her injury should be deemed to have arisen out of her employment because other employees often walk across the same grassy slope to reach the employee parking lot, and because employer was aware of this practice and never attempted to stop it.  We find this contention without merit.  "Employer acquiescence alone cannot convert a personal risk into an employment risk."  
Orsini
, 117 Ill. 2d at 47, citing 
Yost v. Industrial Comm'n
, 76 Ill. 2d 548 (1979), and 
Lynch Special Services v. Industrial Comm'n
, 76 Ill. 2d 81 (1979).  Accordingly, Illinois courts have consistently held that "where the injury results from a personal risk, as opposed to a risk inherent in the claimant's work or workplace, such injuries are not compensable."  
Orsini
, 117 Ill. 2d at 47.

We find the arbitrator's comments in 
Hatfill
 to be particularly cogent and worth repeating:  " 'The fact that some people may choose to leave the work place in an unsafe manner does not make such voluntary acts compensable, nor is Respondent required to police the exit routes to prevent all unsafe voluntary acts.' "  
Hatfill
, 202 Ill. App. 3d at 553.  To accept claimant's argument would require employer to make the grassy slope safe for pedestrian use even though employer already provided a safe route to the parking lot.  Furthermore, if other employees chose different paths, employer would be required to make these routes safe as well.  The result would amount to the tail wagging the dog.  Employees rather than employer would dictate ingress and egress routes, thus allowing the individual whim of each employee to be the impetus for establishing multiple new paths.

In ruling as we do, we do not imply that an injury does not arise out of the employment simply because it was sustained while the employee was taking an alternative path to or from the work place.  To be sure, employees are free to choose any safe route.  However, where the employee ventures from a safe sidewalk provided by the employer and instead proceeds to walk down a grassy slope covered with water and ice, we cannot say the Commission’s decision finding that the employee voluntarily exposed herself to an unnecessary personal risk only for her own convenience is against the manifest weight of the evidence. 

III.  Conclusion

For the reasons discussed above, we affirm the circuit court's confirmation of the Commission's decision.

Affirmed.

McCULLOUGH, P.J., and COLWELL and HOLDRIDGE, JJ., concur.

RARICK, J., dissenting:

Because I believe claimant's choice of walking across the grass was not unreasonable, I must dissent.  When claimant exited from her workplace, it was pouring down rain.  She chose to cut across the grass to reach her car more quickly.  Cutting across the grass is not unreasonable or unusual and, in fact, was acquiesced to by employer.  Contrary to the majority's reading of 
Hatfill
, claimant was not doing anything bizarre such as jumping over a ditch in violation of safety warnings.  See 
Hatfill
, 202 Ill. App. 3d 547, 560 N.E.2d 369.  The path claimant chose was customary, permitted and reasonable, especially in light of the weather conditions and the lack of handrails on the employee walkway and stairs (a fact the majority fails to recognize).  I therefore would reverse the decision of the Commission and reinstate that of the arbitrator.