(No. 39459.—

RYSDON PRODUCTS CO., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD DRIFKE, Appellee.)

*Opinion filed March 24, 1966.*

KOHLER & MERRICK, of Chicago, (VINCENT F. KOHLER and JAMES W. WOMACK, of counsel,) for appellant.

J. MICHAEL MADDA, of Chicago, (CHARLES WOLFF, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In successive proceedings before an arbitrator, the Industrial Commission and the circuit court of Cook County, Edward Drifke was found to be entitled to workmen's compensation benefits by reason of injuries sustained while in the employ of Rysdon Products Company. The employer has prosecuted a further appeal to this court.

At the time of his injury, the claimant was sixty years old, in good health, and had worked for the employer for more than twenty years. On September 27, 1962, he reported for work at 8:00 A.M. He was a spot welder, but on that day his assigned job was to glue pieces of sheet metal to three-foot square sheets of Masonite. He and another employee worked at opposite ends of a table three feet wide and six feet long. A gallon container of glue was kept in the center of the table. The glue was applied with two-inch paint brushes, and in the course of their work it was necessary for the employees to move around the table. About 9:30 A.M. claimant suddenly fell to the floor, and sustained injuries to his right leg. He was taken to the hospital, where surgery was performed. He was subsequently on crutches for approximately five months, and he has not worked since the injury.

Testifying before the arbitrator, the claimant stated: "I fell over. I don't know why or how or what happened." When the matter was before the Industrial Commission, he further testified that September 27, 1962, was a warm, humid and dark day; that there was no airconditioning system in the plant; that no windows were open; and that although there were airblowers in the ceiling, they were used only to circulate warm air in the winter and were never turned on during the summer months. He also testified that the concrete floor in the area where he was working had been laid in two sections, with a tar-filled expansion joint between them; that there was a variance of about five-eighths to three-quarters of an inch between the level of the two sections and that the tar filling protruded above the surface

of the concrete. A claim agent of the employer's insurance company testified that he had examined the floor after interviewing the claimant and had found that it was level on both sides of the expansion joint, and that the tar filling did not rise above the floor level. There was evidence that the glue container bore a warning against excessive inhalation, and that the claimant had worked with glue of this kind "off and on" for about three years prior to his injury.

That the claimant sustained an injury "in the course of" his employment is not contested, nor is any question raised as to the amount of the award. Rather, the primary dispute is whether the claimant sustained his burden of proving that the injury also arose "out of" his employment. (Ill. Rev. Stat. 1961, chap. 48, pars. 138.1-138.28.) While the phrase "in the course of employment" relates to the time, place and circumstances of the injury, the phrase "arising out of the employment," refers to the requisite causal connection between the injury and the employment. (*Christian* v. *Chicago & Illinois Midland Railway Co.* 412 Ill. 171.) That an employee is at his place of work when accidental injury occurs does not, standing alone, justify recovery; there must be a further showing that the injury was due to some cause connected with, or incidental to, the employment, rather than a cause completely unrelated to the employment. (*State House Inn* v. *Industrial Com.* 32 Ill.2d 160; *Math Igler's Casino, Inc.* v. *Industrial Com.,* 394 Ill. 330.) But direct proof of the cause of the injury and its relation to the employment is not necessary. It is sufficient if there is evidence from which it is apparent to the rational mind, on consideration of all the circumstances, that a causal connection exists between the conditions under which the work was performed and the injury. *Figgins* v. *Industrial Com.* 379 Ill. 75; *Jefferson Ice Co.* v. *Industrial Com.* 404 Ill. 290; *Ervin* v. *Industrial Com.,* 364 Ill. 56; *Lagomarcino-Grupe Co.* v. *Industrial Com.* 383 Ill. 95; *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616.

It is the function of the Industrial Commission to draw inferences and conclusions from the evidentiary facts, and the courts do not interfere unless the findings of the Commission are against the manifest weight of the evidence. (*Village of Creve Coeur* v. *Industrial Com.* 32 Ill.2d 430; *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32.) It has been consistently held that the Commission may act on reasonable inferences arising from the facts that it finds, and that a court may not discard permissible inferences drawn by the Commission merely because it might have drawn other reasonable inferences from the same facts. *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616; *Rosenfield* v. *Industrial Com.* 374 Ill. 176; *Hunter Packing Co.* v. *Industrial Com.* 1 Ill.2d 99.

In the present case there was undisputed evidence that claimant, an otherwise healthy individual, worked in a closed and unventilated room on a humid day in close proximity to a glue that emitted fumes which could be harmful upon excessive inhalation. There was also conflicting evidence from which the Commission could find that the surface of the floor was uneven, and uncontradicted evidence that claimant's work required him to move around in the area of the uneven floor. Upon this record the Commission could reasonably have inferred that the claimant's fall was due to his having been overcome or affected by the fumes, or to his tripping on the uneven floor. We cannot say that the Commission acted irrationally or contrary to the weight of the evidence in its finding that the injury to the claimant arose out of the employment. In *Prince* v. *Industrial Com.* 15 Ill.2d 607, upon which the employer heavily relies, there was evidence to support a finding that the employee's fall was caused principally by a pre-existing idiopathic condition, and the Commission so found.

Section 19(e) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1961, chap. 48, par. 138.19(e),) authorizes the Commission to review the decision of the arbitrator and

"all questions of law or fact which appear from the said statement of facts or transcript of evidence, *and such additional evidence as the parties may submit."* (Emphasis supplied.) The employer insists that the italicized words are to be construed as meaning that one may not be a witness before both the arbitrator and the Commission, and on this basis argues that it was error to permit the claimant, who had testified before the arbitrator, to testify before the Commission. But the asserted construction is not justified by the language of the statute. The meaning of "additional" is "added," or "extra," (Webster's New Int. Dictionary, 2d ed., p. 30,) and the legislative direction that "additional evidence" may be heard, is not a limitation upon the persons who may testify before the Commission. The employer's assertion that a claimant may not assert one claim before the arbitrator, and an entirely new claim before the Commission, does not require discussion, for the record shows that the same claim was pursued on both occasions.

Finally, the employer appears to suggest that the award should be set aside because the commissioner who heard the additional evidence exhibited bias and assumed the role of an advocate. We do not find this claim to be supported by the record. The commissioner's participation appears to have been largely generated by the repeated objections of counsel for the employer, which were frequently based upon an erroneous interpretation of the statute and a misapprehension of the contents of the record made before the arbitrator.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*