(No. 41066.—

FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (Louis W. Jenkins, Appellee.)

*Opinion filed September 24, 1968.*

THOMAS D. NYHAN and JOHN S. SCHAUER, both of Chicago, (POPE, BALLARD, URIELL, KENNEDY, SHEPARD & FOWLE, of counsel,) for appellant.

HAROLD A. KATZ, JEROME SCHUR, and WARREN E. EAGLE, all of Chicago, (KATZ & FRIEDMAN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Cook County confirmed a workmen's compensation award and the employer appeals. The question is whether the finding of the Industrial Commission was against the manifest weight of evidence.

The facts are not in dispute. The claimant was employed by the Fisher Body Division of General Motors as a fork and tier truck driver. His duties were all performed within the plant or in the adjacent yard. He was assigned to the second shift, which ends at 12:30 A.M. On February 27, 1963, the day of the accident, he worked overtime, punching out about 1:30 A.M. The weather was cold, with the temperature below zero, and when he tried to start his car the engine would not turn over enough to get it started.

The company had a maintenance truck which carried a booster battery, and, when the truck was not engaged in regular work, it was made available to the employees as a convenience in starting stalled cars. The claimant asked for help on the occasion in question and the truck arrived with three men. One of them connected jumper cables to the battery in the claimant's car, in an unsuccessful attempt to start it. When his hands became cold the claimant himself held the cables against the battery. Shortly after the claimant attached the cables the battery blew up in his face, causing the injuries in question.

We do not think the award can stand. As the employer points out, injuries resulting from risks personal to the em-

ployee do not arise out of his employment and are not compensable. (*Williams* v. *Industrial Com.*, 38 Ill.2d 593; *Everett Hat Co.* v. *Industrial Com.*, 305 Ill. 564.) Before an injury can be said to arise out of the employment the risk thereof must be one peculiar to the work or it must be one to which the employee is exposed to a greater degree than the general public by reason of his employment. (*Quarant* v. *Industrial Com.*, 38 Ill.2d 490; see *Chmelik* v. *Vana*, 31 Ill.2d 272, 277-278.) A risk is incidental to the employment when it belongs to or is connected with what the workman has to do in fulfilling his duties. (*Village of Mark* v. *Industrial Com.*, 12 Ill.2d 168.) The risk of injury in repairing or working on one's personal automobile is not ordinarily related or incidental to the duties for which he is employed, even though the work may be done on the employer's premises. *Mazursky* v. *Industrial Com.*, 364 Ill. 445; *Board of Education* v. *Industrial Com.*, 321 Ill. 23.

In the case at bar the claimant relies upon the fact that the injuries were incurred upon the company's parking lot. He calls attention to the rule that for purposes of the Workmen's Compensation Act employment is not limited to the exact moment when an employee begins or ceases his duties but includes a reasonable time before commencing and after concluding actual employment, and he cites *Chmelik* v. *Vana*, 31 Ill.2d 272, 278. It is not enough, however, that an accident occur in the course of employment. Even if it were conceded that the claimant was in the course of his employment when his battery exploded, that fact would not be sufficient to make the injury compensable. It was also encumbent upon him to prove it arose out of his employment; that is, the accident must be shown to have resulted from some risk incidental to the employment. (*Quarant* v. *Industrial Com.*, 38 Ill.2d 490.) Such was not done here.

The case differs from those where employees are injured in crossing a parking lot which has become slippery with ice and snow (see *De Hoyos* v. *Industrial Com.*, 26

Ill.2d 110; *Carr* v. *Industrial Com.,* 26 Ill.2d 347), or in being struck by a car during the mass exodus of vehicles at quitting time. (See *Chmelik* v. *Vana,* 31 Ill.2d 272.) Such conditions cause a degree of exposure to risk of common accidents beyond that to which the general public is subjected. But neither the duties of his employment nor the fact that his car was in the parking lot significantly increased the danger of injury from working on his own car, a strictly personal activity. And the fact makes no difference that it was a company truck, rather than some other vehicle or service agency, that provided the booster battery and jumper cables. The accident is one which might equally have happened to any member of the public whose auto might have been stalled anywhere, in the weather conditions which prevailed.

It is not the law that all injuries suffered by employees on parking lots provided by their employer arise out of and in the course of their employment. (*Maxim's of Illinois, Inc.* v. *Industrial Com.,* 35 Ill.2d 601.) The purpose of the Workmen's Compensation Act is to protect the employee against risks and hazards which are peculiar to the nature of the work he is employed to do. (*Hill-Luthy Co.* v. *Industrial Com.,* 411 Ill. 201, 205.) Injuries resulting from risks personal to the employee are not compensable.

We must also reject, as inapplicable, the claimant's argument that responsibility for determining the facts rests upon the Industrial Commission, and that its decision in such matters will not be disturbed unless contrary to the manifest weight of the evidence. In the case at bar the facts are not in dispute. Where such is the case the question becomes one of law, and the Commission's decision is in no way binding. *Williams* v. *Industrial Com.,* 38 Ill.2d 593.

The circuit court erred in confirming the award. Its judgment will be reversed and the award set aside.

*Judgment reversed;*
*award set aside.*