(No. 50442.‑

RALPH LUNT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Standard Brands, Inc., *et al.*, Appellees.)

*Opinion filed March 20, 1979.—Rehearing denied May 30, 1979.*

Scheele, Murphy & Serkland, Ltd., of La Grange (James C. Serkland, of counsel), for appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane and Gregory E. Ahern, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The petitioner, Ralph Lunt, brought this action pursuant to paragraph (h) of section 19 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(h)) to increase his prior award of compensation on the ground that his disability subsequently had increased. The Industrial Commission refused to increase petitioner's compensation, the circuit court confirmed the Industrial Commission, and petitioner now appeals here claiming that the terse language of the Industrial Commission's decision does not "allow for an adequate judicial review." We now affirm the judgment of the circuit court because we find that any such deficiency in this case is due to the petitioner's failure to request more specific findings pursuant to paragraph (e) of section 19 (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(e)).

The third subparagraph of section 19(e) provides in relevant part as follows:

> "In any case the Commission in its decision may in its discretion find specially upon any question or questions of law or fact which shall be submitted in writing by either party whether ultimate or otherwise; provided that on issues other than nature and extent of the disability, if any, the Commission in its decision shall find specially upon any question or questions of law or fact, whether ultimate or otherwise, which are submitted in writing by either party: provided further that not more than 5 such questions may be submitted by either party."

Petitioner nonetheless claims that paragraph (e) applies only to proceedings for review of an arbitrator's decision, and not to proceedings under paragraph (h) for review of a prior award. We disagree. Although the first two subparagraphs of paragraph (e) refer to review of decisions of the arbitrator, there is nothing in the language of the third subparagraph of paragraph (e) which indicates that its applicability is so limited. Rather, findings may be requested "in any case."

Since petitioner did not submit any questions of law or fact he is not entitled to more specific findings. We need not determine here whether, if he had so requested, he would be entitled to more specific findings.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*