(No. 51417.—

CHICAGO EXTRUDED METALS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Thurman Chennault, Appellee).

*Opinion filed October 2, 1979.*

Keith C. Hult, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Victor J. Cacciatore, of Chicago (Anthony F. Provenzano, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Thurman Chennault, the claimant, was awarded compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) by an arbitrator of the Industrial Commission for injuries he sustained while in the employ of Chicago Extruded Metals, the respondent. The award was affirmed by the Commission and confirmed by the circuit court of Cook County. The respondent has appealed under our Rule 302(a). 58 Ill. 2d R. 302(a).

The circumstances of the accident, which resulted in a 5% permanent loss of use of the claimant's right leg and a 20% permanent loss of use of his left great toe, are not in dispute. On April 6, 1976, the claimant, a mechanic employed by the respondent for 27 years, took a shower in the plant's locker room after work. His testimony at the hearing before the arbitrator described what then occurred:

"Well, after I was through taking a shower, I was drying myself and at that moment I saw a cockroach going up the wall and I took my towel and I climbed up on the bench and went to swat it and at that very moment the bench fell forward towards me. I slipped off, the bench fell on top of my left big toe and with my right

foot I fell on top of the bench. My right knee striking the lockers."

The locker and shower rooms are provided by the respondent for the use of employees, and the claimant testified that it was common for the men with whom he worked to use the facilities.

The contention of the respondent is that the Industrial Commission erred in finding the claimant's injuries to have arisen out of and in the course of his employment. The respondent says that, because the evidence is uncontroverted, the question involved is one of law, and that this court should not apply the standard of whether the Commission's decision was contrary to the manifest weight of the evidence. We consider, however, from the circumstances, that what this court expressed in *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 275, is the relevant criterion:

> "If undisputed facts upon any issue permit more than one reasonable inference to be drawn therefrom, the determination of such issue presents a question of fact, and the conclusion of the Commission will not then be disturbed on review unless it is contrary to the manifest weight of the evidence, but if the undisputed facts are susceptible of but a single inference, then the issue becomes one of law, to be determined by this court."

We would observe that *Union Starch* involved a question of "personal comfort." To explain: It is clear that injuries sustained by an employee while in the performance of reasonably necessary acts of personal comfort may be found to have occurred "in the course of" his employment, since they are incidental to the employment. (*Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 277; *Grola v. Industrial Com.* (1944), 388 Ill. 114, 122; *Wabash Ry. Co. v. Industrial Com.* (1935), 360 Ill. 92, 95; *Steel Sales Corp. v. Industrial Com.* (1920), 293 Ill. 435,

437-38; 1A A. Larson, Workmen's Compensation sec. 21 *et seq.* (1979).) But injuries resulting from the assumption of risk related to an activity which is strictly personal to the employee are not compensable. *Fisher Body Division, General Motors Corp. v. Industrial Com.* (1968), 40 Ill. 2d 514, 515-16.

It is conceded by the respondent that the claimant was using the facilities at a time and in the manner in which the respondent intended that they be used. It is conceded, too, that had he slipped on a bar of soap or slid on a wet floor his injuries would be compensable as having resulted from an act of personal comfort incidental to his employment. But the respondent argues that it may be reasonably inferred that the claimant, by his conduct in climbing the bench to swat the insect, voluntarily was assuming a strictly personal risk totally unrelated to his duties. But it can be reasonably inferred, too, that the claimant's act was not an undertaking of a risk strictly personal to himself. His conduct was not totally unrelated to the taking of a shower, an activity incidental to his employment. This created a question of fact for resolution by the Commission. The insect, the Commission could reasonably find, triggered a feeling of distaste. The claimant's reaction was understandable and not unreasonable. The shower and locker rooms were intended and expected by the respondent to be in a sanitary condition. The act of the claimant was an act really in the respondent's interest. Differing, yet reasonable, inferences thus could be drawn from the circumstances. We cannot say it was not proper for the Commission to find that the injuries arose out of and in the course of employment. The findings of the Commission were not contrary to the manifest weight of the evidence (*Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272), and the judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*