SEARS, ROEBUCK & COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Jeanette Stock, Appellee).

*Opinion filed November 21, 1979.—Rehearing denied February 1, 1980.*

Rooks, Pitts, Fullagar & Poust, of Chicago (Daniel P. Socha and Ian M. Sherman, of counsel), for appellant.

Eugene P. Meegan, of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that Joseph S. Stock, deceased, husband of the petitioner, Jeanette Stock, died as the result of accidental injuries which arose out of and in the course of his employment by respondent, Sears, Roebuck & Company, and awarded workmen's compensation under the provisions of section 7 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1975, ch. 48, pars. 138.7(a), (f).) On review, without taking additional evidence, the Industrial Commission affirmed the arbitrator's decision. On *certiorari* the circuit court of Cook County confirmed the decision of the Industrial

Commission and respondent appealed. 58 Ill. 2d R. 302(a).

The testimony shows that on November 26, 1975, the decedent was 53 years of age and was employed by respondent as an "order picker" who gathered merchandise to fill customer orders. Shortly after 1 p.m. he was found lying on the floor several feet away from a parked forklift truck which held 10 ladders which the decedent had apparently "picked" in the course of his work. The truck was not equipped with a "dead man's brake." The deceased was lying to the left of the forklift truck, and it is undisputed that the driver normally alights from such a truck from the left. It is also undisputed that he had suffered a fracture of the skull, which caused his death.

Respondent contends that "the Industrial Commission's determination that the injury incurred by the decedent due to an unexplained idiopathic fall on a level, smooth floor arose out of his employment is legally erroneous." It argues that "there is no evidence that the forklift truck played any role in the injury suffered by the employee" and that at the time of the fall the deceased may have been doing nothing, or something unrelated to his work. It argues that the facts on which the decision of the Industrial Commission was based are not in dispute and the question for this court is therefore one of law. We do not agree. Apposite here is our statement that "We may not disregard the decision of the Commission merely because the facts here are undisputed. It is well within the province of the Commission to draw inferences from undisputed facts to determine whether injury resulted from conduct which unreasonably or unnecessarily increased the risks of injury which attend such employment. (*Jewel Companies, Inc. v. Industrial Com.* (1974), 57 Ill. 2d 38, 43; *Union Starch v. Industrial Com.* (1974), 56 Ill. 2d 272, 275.) When the Commission's decision is based upon such permissible inferences, we will disturb it only if it is against the manifest weight of the evidence. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430-31."

(*Yost v. Industrial Com.* (1979), 76 Ill. 2d 548, 551.) The decision of the Commission that decedent's death resulted from an accident which occurred in the course of his employment is not against the manifest weight of the evidence.

Respondent contends that the decedent's injuries did not arise out of his employment, but resulted from physical problems caused by his being ill, and argues that the arbitrator erroneously excluded testimony that on the day of his death the decedent "looked sick," "didn't look like he was feeling too good," "didn't look too good," and "had a cold." It argues that this testimony, when considered with the testimony of the petitioner that the decedent had suffered from a cold for a period of approximately two weeks, "clearly gives rise to the inference that the decedent's fall was caused by his condition of ill being." As the court said in *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 19, "The Commission is entitled to draw reasonable inferences from both direct and circumstantial evidence. This court will not disregard those permissible inferences merely because other inferences might be drawn." The testimony of the petitioner that the deceased had been suffering with a cold was a circumstance presumably considered by the Industrial Commission in reaching its decision. If the arbitrator erred in excluding the nebulous conclusional testimony which respondent attempted to elicit, the error was harmless.

Finally, respondent contends that section 14 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1977, ch. 127, par. 1014) is applicable to decisions of the Industrial Commission, and that "the failure of the Illinois Industrial Commission to make findings of fact by which a court can make an intelligent review requires reversal and remand of the Commission's decision." We need not and do not decide whether the Illinois Administrative Procedure Act is applicable to proceedings before the Industrial

Commission for the reason that the record fails to show that respondent requested specific findings of fact pursuant to section 19(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(e)) or that it presented to the Commission the contention advanced here. *Lunt v. Industrial Com.* (1979), 75 Ill. 2d 455, 457; *Berry v. Industrial Com.* (1978), 72 Ill. 2d 120, 124.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*