ALL STEEL, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Lloyd Daniels, Appellee).

Second District (Industrial Commission Division)   No. 2—90—1360WC

Opinion filed November 20, 1991.

502

Francis M. Discipio, of Chicago, for appellant.

John J. Castaneda and Kim Edward Presbrey, both of Presbrey/Presbrey & Swearingen, Ltd., of Aurora, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Lloyd Daniels, filed a workers' compensation claim against the respondent, All Steel, Inc. The arbitrator ruled that the petitioner had failed to prove that his injuries arose out of and in the course of his employment and denied the claim. On review, the Industrial Commission (Commission) affirmed the decision. The circuit court held that the decision of the Commission was contrary to law and reversed and remanded the cause to the Commission with directions to determine and award benefits. The Commission subsequently determined the amount of benefits due. On review, the circuit court confirmed its original decision. The respondent appeals.

The relevant facts of this case are not in dispute. The record shows that on January 17, 1983, the petitioner was working as a grinder-sander for the respondent. The petitioner was working the second shift from 4 p.m. to 3 a.m. Since it was a cold day, during his lunch break he went to the parking lot to warm his car so he would not have trouble starting it when his shift ended. When he tried to start the car, he saw smoke escaping from the hood. Opening it and discovering flames, he then ran to the respondent's building, entered it, and retrieved a fire extinguisher from inside. On his way back to the car, while still in the building, he slipped on melting snow near the doorway and fell on the concrete floor, injuring his knee. After

falling, the petitioner continued to his car and extinguished the fire. He then returned to the building, reported the incident to his foreman, and worked the remainder of his shift. The next day he contacted his doctor and took the next available appointment, which was three days later. The petitioner underwent surgery on his knee approximately three weeks later.

The respondent argues on appeal that the circuit court erred in finding that the petitioner's injury arose out of and in the course of his employment. Specifically, it contends that the petitioner was acting for his personal benefit when he attempted to start his car and was not furthering the respondent's interests when the injury occurred.

■ An injury is compensable under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) only if it arises out of and in the course of employment. (*Panagos v. Industrial Comm'n* (1988), 171 Ill. App. 3d 12, 524 N.E.2d 1018.) For an injury to arise out of one's employment, it must have an origin in some risk connected with or incidental to the employment so there is a causal connection between the employment and the injury. (*Fire King Oil Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 293, 342 N.E.2d 1.) An injury is in the course of employment when it occurs within the period of employment at a place where the employee can reasonably be expected to be in the performance of his duties and while he is performing those duties or something incidental thereto. (*Panagos*, 171 Ill. App. 3d at 15, 524 N.E.2d at 1020.) Injuries sustained by an employee while in the performance of reasonably necessary acts of personal comfort may be found to have occurred "in the course of" his employment. *Chicago Extruded Metals v. Industrial Comm'n* (1979), 77 Ill. 2d 81, 395 N.E.2d 569.

■ Initially, we find that the petitioner's act of going to the parking lot to warm his car during his lunch break should be viewed as a reasonably necessary act of personal comfort which occurred "in the course of" his employment. In *Material Service Corp. v. Industrial Comm'n* (1973), 53 Ill. 2d 429, 292 N.E.2d 367, the supreme court found that it was clearly contemplated by the respondent corporation that its employees would venture to the parking lot to start and warm their cars during the lunch break when to do so would presumably serve to facilitate their departure from the premises at the end of the workday. That is also the case here.

The instant respondent nonetheless argues that once the petitioner's car caught on fire and he attempted to put it out, his mission became purely personal. We find, however, that it was foreseeable that

some employees attempting to start their cars might encounter problems necessitating their return to the respondent's building. For example, if a car simply did not start, it would be reasonably foreseeable that the employee would return to the building to telephone a towing service or to ask someone to help jump start the car. Thus, this changed circumstance did not transform the petitioner's mission into an entirely personal one outside the course of his employment. Instead, the mission was still related to facilitating his departure from the premises at the end of the workday.

Additionally, it is important to note that the petitioner was not injured as the result of the fire, but rather as the result of a fall at least facilitated by the presence of snow inside the respondent's doorway. The respondent's argument that the petitioner sustained his injury because he was in a hurry, even if true, ignores the presence of the snow on the cement floor inside the doorway. To prove causation, it is not incumbent upon the claimant to prove that the hazard to which he was exposed in the employment environment was the sole cause of the injury, or even the principal cause, only that it was "a" causative factor in the resulting injury. (*Material Service Corp. v. Industrial Comm'n* (1973), 53 Ill. 2d 429, 292 N.E.2d 367.) The uncontradicted testimony of the petitioner was that he fell on snow inside the respondent's doorway. Thus, this condition was a causative factor in the petitioner's injury.

Finally, the respondent relies on *Fisher Body Division, General Motors Corp. v. Industrial Comm'n* (1968), 40 Ill. 2d 514, 240 N.E.2d 694, in support of its argument that the instant petitioner's actions were outside the course of his employment.

In *Fisher*, an employee was injured when, while using a company truck in an attempt to jump start his car, the car battery exploded. The supreme court found that the injury had not arisen out of and in the course of his employment. We find that *Fisher* is distinguishable from the instant case since in *Fisher* the employee was injured as the result of working on his car, not due to a condition of the employer's premises as in the instant case.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McCULLOUGH, P.J., and LEWIS, WOODWARD and RAKOWSKI, JJ., concur.