ILLINOIS CONSOLIDATED TELEPHONE COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al*. (Linda Budd, Appellee).

Fifth District   No. 5—99—0020WC

Opinion filed June 15, 2000.

RAKOWSKI, J., specially concurring, joined by McCULLOUGH, P.J.

Gregory C. Ray and Duane A. Deters, both of Craig & Craig, of Mattoon, for appellant.

James C. Serkland, of Serkland & Muelhausen, of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Linda Budd (claimant) sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)) for injuries sustained to her left ankle on October 8, 1992, while in the employ of Illinois Consolidated Telephone Company (employer). The arbitrator concluded that claimant sustained an accident arising out of her employment and awarded her temporary total disability of $2^3/_7$ weeks, medical expenses, and 15% permanent partial disability to the left foot. On appeal, the Industrial Commission (Commission) adopted and affirmed the decision of the arbitrator, with a special concurrence, and the circuit court of Montgomery County confirmed the decision of the Commission. Employer appeals contending the Commission incorrectly determined that claimant's injury arose out of her employment.

On October 8, 1992, claimant was a 38-year-old office worker who had worked for employer some 23 years. On this date, claimant fell descending steps between the first and second floors of the office building and fractured her left ankle. Claimant had left her work area on the first floor and gone upstairs to the second floor to use the women's restroom. There was no women's restroom on the first floor, and the stairs were the sole means of going to and coming from the restroom. On her way back down the stairs, she fell on the landing of the stairway located midway from the top to the bottom. Claimant testified she did not know if she slipped on the last step before the landing or on the landing itself. The only thing she did know was that she ended up sitting on the landing. She further testified there was nothing out of the ordinary about the size or angle of the stairs. There were handrails along the stairs but not on the landing between the flights. The steps had rubber treads, although some may have been worn, and the landing consisted of waxed tile flooring. She did not see any liquid or anything else on the floor of the stairway before she fell, and she was not able to see anything after the fall because her glasses fell off. Claimant was wearing shoes with heels of 1 to 1½ inches at the time of the accident. She noticed nothing about her shoes that caused or contributed to the fall and has since worn the same shoes with no problems. After the fall, claimant regained her glasses and slid down the steps from the landing to the first floor and called for help. She was then taken to the hospital.

■ Employer first asserts on appeal that the issue of whether

claimant's injury arose out of her employment is a question of law. According to employer, the facts are undisputed and are susceptible to but a single reasonable inference and, consequently, the issue presented becomes a question of law. See *William G. Ceas & Co. v. Industrial Comm'n*, 261 Ill. App. 3d 630, 634, 633 N.E.2d 994, 997 (1994). Claimant agrees with this proposition but points out that the facts here are susceptible to more than one inference. If more than one inference may be drawn from the undisputed facts on any issue, such an issue presents a question of fact, and the conclusion of the Commission will not be disturbed on review unless it is contrary to the manifest weight of the evidence. See *Eagle Discount Supermarket v. Industrial Comm'n*, 82 Ill. 2d 331, 337, 412 N.E.2d 492, 495 (1980); *Union Starch, Division of Miles Laboratories, Inc. v. Industrial Comm'n*, 56 Ill. 2d 272, 275, 307 N.E.2d 118, 120 (1974) (*Union Starch*); *William G. Ceas & Co.*, 261 Ill. App. 3d at 635, 633 N.E.2d at 997. We agree with claimant and accordingly apply the manifest weight of the evidence standard. And in order for the decision to be against the manifest weight of the evidence, an opposite conclusion must be clearly apparent. See *Stapleton v. Industrial Comm'n*, 282 Ill. App. 3d 12, 16, 668 N.E.2d 15, 19 (1996). We cannot say an opposite conclusion is clearly apparent in this instance.

■ In order for accidental injuries to be compensable under the Act, a claimant must show such injuries arose out of and in the course of his or her employment. See *Eagle Discount Supermarket*, 82 Ill. 2d at 337-38, 412 N.E.2d at 496; *Nabisco Brands, Inc. v. Industrial Comm'n*, 266 Ill. App. 3d 1103, 1106, 641 N.E.2d 578, 581 (1994). "Arising out of" refers to the requisite causal connection between the employment and the injury. In other words, the injury must have had its origins in some risk incidental to the employment. See *Eagle Discount Supermarket*, 82 Ill. 2d at 338, 412 N.E.2d at 496; *William G. Ceas & Co.*, 261 Ill. App. 3d at 636, 633 N.E.2d at 998. "In the course of" refers to the time, place, and circumstances under which the accident occurred. See *William G. Ceas & Co.*, 261 Ill. App. 3d at 636, 633 N.E.2d at 998. The determination of whether an injury arose out of and in the course of a claimant's employment is a question of fact for the Commission, and the Commission's determination thereof will not be set aside unless the decision is contrary to the manifest weight of the evidence. See *Stapleton*, 282 Ill. App. 3d at 15, 668 N.E.2d at 19; *Elliot v. Industrial Comm'n*, 153 Ill. App. 3d 238, 242, 505 N.E.2d 1062, 1065 (1987). In this instance the arbitrator concluded that claimant sustained an unexplained fall, and the arbitrator awarded benefits because unexplained falls are compensable in Illinois. See *Stapleton*, 282 Ill. App. 3d at 16, 668 N.E.2d at 19; *William G. Ceas & Co.*, 261

Ill. App. 3d at 634, 633 N.E.2d at 997; *Elliot*, 153 Ill. App. 3d at 242, 505 N.E.2d at 1065. The Commission adopted the decision of the arbitrator. We believe this matter more closely comes within the purview of the personal-comfort doctrine. A reviewing court can affirm the Commission's decision if there is any legal basis in the record to support its decision, regardless of the Commission's findings or reasoning. See *General Motors Corp., Central Foundry Division v. Industrial Comm'n*, 179 Ill. App. 3d 683, 695, 534 N.E.2d 992, 1000 (1989).

■ ■ According to the personal-comfort doctrine, an employee, while engaged in the work of his or her employer, may do those things that are necessary to his or her health and comfort, even though personal to himself or herself, and such acts will be considered incidental to the employment. See *Hunter Packing Co. v. Industrial Comm'n*, 1 Ill. 2d 99, 104, 115 N.E.2d 236, 239 (1953); see also *Union Starch*, 56 Ill. 2d at 277, 307 N.E.2d at 121. Using the restroom to meet the demands of personal health or comfort certainly falls within those acts considered incidental to the employment and therefore is considered to be in the course of the employment. See *Hunter Packing Co.*, 1 Ill. 2d at 104, 115 N.E.2d at 239. Incidental acts are not within the course of employment only if done in an unusual, unreasonable or unexpected manner. *Eagle Discount Supermarket*, 82 Ill. 2d at 340, 412 N.E.2d at 497; *Union Starch*, 56 Ill. 2d at 277, 307 N.E.2d at 121. In this instance, there was nothing unusual or unreasonable in claimant's walking up to the second floor to use the restroom or in her descent back to her work area. In fact, using the stairs was the only means of access to the women's restroom. Consequently, the fact that claimant was not performing her actual job duties at the time of the accident does not foreclose her right to compensation. See *Eagle Discount Supermarket*, 82 Ill. 2d at 340, 412 N.E.2d at 497; *Hunter Packing Co.*, 1 Ill. 2d at 104, 115 N.E.2d at 239. She was on employer's premises at a time when she was engaged in her employment in a place where she had a reasonable right to be. More importantly, we believe that claimant was exposed to a greater risk than the general public because she was continually forced to use stairs to seek personal comfort during her workday. Additionally, it would not have been unreasonable for the Commission to have inferred that the accident was attributable to worn stair treads, the lack of a handrail on the landing, or slipperiness of the landing itself. See *Chicago Tribune Co. v. Industrial Comm'n*, 136 Ill. App. 3d 260, 483 N.E.2d 327 (1985). Under such circumstances, we cannot say the Commission erred in awarding claimant benefits.

For the aforementioned reasons, we affirm the decision of the circuit court confirming the decision of the Commission.

Affirmed.

COLWELL and HOLDRIDGE, JJ., concur.

JUSTICE RAKOWSKI, specially concurring:

I concur with my colleagues that the Commission's decision that claimant's injury arose out of her employment is not against the manifest weight of the evidence. Because claimant was wearing high heels, some of the stair treads were worn, hand rails were not provided where claimant fell, and the stairs were slippery, the Commission could properly conclude that claimant was exposed to a risk of injury greater than that to which the general public is exposed.

I write separately in an attempt to clarify the case law regarding falls in the work place and to disagree with certain language in the majority opinion relating to the personal-comfort doctrine and the concept of unexplained falls.

### A. Personal-Comfort Doctrine

Unlike the majority, I believe the personal-comfort doctrine has no application to this case. For accidental injuries to be compensable, a claimant must show that such injuries arose out of and in the course of her employment. *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44 (1987). The personal-comfort doctrine relates only to the "in the course of employment" element and not the "arising out of employment" element. See *Segler v. Industrial Comm'n*, 81 Ill. 2d 125, 128 (1980); *Chicago Extruded Metals v. Industrial Comm'n*, 77 Ill. 2d 81, 84 (1979); *Union Starch, Division of Miles Laboratories, Inc. v. Industrial Comm'n*, 56 Ill. 2d 272, 277 (1974); *Scheffler Greenhouses, Inc. v. Industrial Comm'n*, 66 Ill. 2d 361, 368 (1977); *Dodson v. Industrial Comm'n*, 308 Ill. App. 3d 572, 575 (1999); *Karastamatis v. Industrial Comm'n*, 306 Ill. App. 3d 206, 211-12 (1999); *All Steel, Inc. v. Industrial Comm'n*, 221 Ill. App. 3d 501, 503-04 (1991); see also 2 A. Larson & L. Larson, Larson's Workers' Compensation Law, ch. 21, at 21—1 (1999) (stating employees who minister to personal comforts do not leave the course of their employment).

In the instant case, the parties have never disputed that claimant's injury occurred in the course of her employment. To the contrary, the parties stipulated in the request-for-hearing form and before the arbitrator that the only issue in the case was whether her injury arose out of her employment. Moreover, appellant's brief frames the sole is-

sue on appeal as "[w]hether the decision of the Industrial Commission finding that the employee sustained an injury arising out of her employment was erroneous as a matter of law." Thus, it is overwhelmingly clear that our only focus should be on whether claimant's injury arose out of employment, specifically, whether the claimant's act of traversing stairs exposed her to a risk of injury greater than that to which the general public is exposed. Because the personal-comfort doctrine is an "in the course of" concept and the sole issue in this case is whether claimant's injury arose out of her employment, the doctrine has no application.

## B. Idiopathic Falls and Unexplained Falls

The arbitrator in this case held that claimant's injuries arose out of employment solely because the fall was unexplained. The Commission adopted the arbitrator's decision. In a well-reasoned special concurrence Commissioner Gilgis conceded that, although *dictum* from some recent cases has implied that all unexplained falls arise out of employment, the statement is not accurate and is contrary to a well-established body of workers' compensation law. For the reasons that follow, I respectfully submit that Commissioner Gilgis is correct.

As a general rule, risks that an employee may be exposed to are categorized into three groups: (1) risks distinctly associated with employment, (2) risks personal to the employee, and (3) neutral risks that have no particular employment or personal characteristics. Employment risks include the obvious kinds of industrial injuries and occupational diseases. Employment risks are those that are inherent in one's employment. These are risks to which the general public is not exposed. In the context of falls, employment risks include tripping on a defect at employer's premises or falling on uneven or slippery ground at the work site. Because the general public is not exposed to employment risks, such risks universally arise out of employment. 1 A. Larson & L. Larson, Larson's Workers' Compensation Law § 4.01, at 4—2 (1999).

Personal risks include exposure to elements that cause nonoccupational diseases, personal defects or weakness, and confrontations with personal enemies. Examples of personal risks include falls due to a bad knee or an episode of dizziness. Because such a fall is due to a personal defect or weakness, such falls, commonly known as idiopathic falls, usually do not arise out of employment. 1 A. Larson & L. Larson, Larson's Workers' Compensation Law § 4.02, at 4—2, ch. 9 (1999).

However, an exception to the rule does exist. Injuries caused by an idiopathic fall arise out of one's employment where workplace conditions significantly contribute to the injury by increasing the risk of

falling or the effects of a fall. See generally *Stapleton v. Industrial Comm'n*, 282 Ill. App. 3d 12, 16 (1996); *Nabisco Brands, Inc. v. Industrial Comm'n*, 266 Ill. App. 3d 1103, 1106 (1994); *Elliot v. Industrial Comm'n*, 153 Ill. App. 3d 238, 244 (1987); *Oldham v. Industrial Comm'n*, 139 Ill. App. 3d 594, 596 (1985). The added risk may be due to some physical circumstance of the immediate vicinity or due to tools, implements, or apparatus the employee is required to use in his duties. 1 T. Angerstein, Illinois Workmen's Compensation § 298, at 221 (1952); see *Wilkes v. Dowell & Co.*, 21 T.L.R. 487 (1902) (fall into ship's hold due to epileptic fit arose out of employment because duties required claimant to stand next to opening); *Sears, Roebuck & Co. v. Industrial Comm'n*, 78 Ill. 2d 231 (1979) (fall from forklift); *Rockford Hotel Co. v. Industrial Comm'n*, 300 Ill. 87 (1921) (fall into ash pit caused by epileptic fit); *Peoria Ry. Terminal Co. v. Industrial Board*, 279 Ill. 352 (1917) (fall from fire truck); see also *Williams v. Industrial Comm'n*, 38 Ill. 2d 593, 595-96 (1967) (injury arose out of employment where employment conditions increased risk of falling or the risk of injury due to falling from heights or onto a dangerous object). Thus, although the falls in the above cases were idiopathic in nature, the injuries nevertheless arose out of employment because work conditions exposed the employees to an added or increased risk of injury.

Neutral risks have no particular employment or personal characteristics and include stray bullets, dog bites, assaults, street risks, lightning, and hurricanes. In the context of falls, neutral risks include falls on level ground or while traversing stairs. Whether a neutral-risk injury arises out of employment depends on whether the employee was exposed to a risk greater than that to which the general public is exposed. 1 A. Larson & L. Larson, Larson's Workers' Compensation Law § 4.03, at 4—2 to 4—3, § 7.04(1)(a), at 7—15 (1999). Thus, because the general public and employees alike are equally exposed to the risks of walking and traversing stairs, injuries resulting from these acts generally do not arise out of employment. However, as with personal risks, there is an exception where employment conditions create a risk to which the general public is not exposed. In such cases, the injury arises out of employment. The increased risk may be qualitative, such as the dangerous nature of the stairs in the instant case, or quantitative, such as where the employee is exposed to a common risk more frequently than the general public. See *City of Chicago v. Industrial Comm'n*, 389 Ill. 592 (1945) (injury sustained by city inspector when he stubbed his toe on sidewalk curb arose out of employment because employee was required to spend much of his work day traversing city sidewalks). Falls arising from a "neutral"

origin or risk have been characterized as "unexplained falls." *Elliot*, 153 Ill. App. 3d at 242; *Oldham*, 139 Ill. App. 3d at 596.

Unexplained falls have often been contrasted with idiopathic falls. See *Chicago Tribune Co. v. Industrial Comm'n*, 136 Ill. App. 3d 260, 263 (1985). According to Professor Larson:

> "[U]nexplained-fall cases begin with a completely neutral origin of the mishap, while idiopathic fall cases begin with an origin which is admittedly personal and which therefore requires some affirmative employment contribution to offset the prima facie showing of personal origin." 1 A. Larson & L. Larson, Larson's Workers' Compensation Law § 9.01(1), at 9—3 (1999).

The above principle that the risk an employee is exposed to determines whether a fall arose out of employment was skewed in *Chicago Tribune* and inadvertently displaced by the oversimplified contentions that idiopathic falls do not arise out of employment because they arise from personal risks and that unexplained falls arise out of employment because they result from employment-related risks. In *Chicago Tribune*, claimant slipped and fell at the bottom of a ramp in the lobby of the building where she worked. The Commission held that the injury arose out of and in the course of employment and awarded benefits. On appeal, we rejected employer's contention that the fall was idiopathic in nature and held that the injury arose out of employment. We noted that claimant was on a ramp and wearing narrow, high heel shoes, and testimony established that, when it is wet and snowy outside, people track snow and water onto the floor. In affirming the Commission's finding of compensability, we stated that unexplained falls are compensable, citing *Sears* in support. *Chicago Tribune*, 136 Ill. App. 3d at 264. I submit that this statement was somewhat inaccurate and not totally supported by our supreme court's opinion in *Sears*.

In *Sears*, claimant's decedent, a forklift operator, was found next to the lift. He had died from a skull fracture. The Commission awarded benefits, finding the death arose out of employment. On appeal, the employer argued that because decedent had "looked sick" prior to the fall and had had a cold for approximately two weeks, the Commission should have inferred claimant's fall was due to a personal risk and did not arise out of employment. Our supreme court rejected the employer's contention and affirmed. "The testimony of the petitioner that the deceased had been suffering with a cold was a circumstance presumably considered by the Industrial Commission in reaching its decision." *Sears*, 78 Ill. 2d at 234. Although the circumstances of claimant's fall were unexplained, the court did not mention that term or say that unexplained falls are compensable. The court simply affirmed on a manifest weight of the evidence basis.

The *Sears* case is in complete accord with supreme court precedent. *Rysdon Products Co. v. Industrial Comm'n*, 34 Ill. 2d 326 (1966) (unexplained fall arose out of employment because risk existed due to gas fumes in unventilated room or due to uneven floor); *Siete v. Industrial Comm'n*, 24 Ill. 2d 368 (1962) (unexplained fall but court stated claimant was at risk because he worked at heavy machine with blades); *Ervin v. Industrial Comm'n*, 364 Ill. 56 (1936) (unexplained fall arose out of employment because claimant was required to maintain fire and was at risk of injury therefrom); *Vulcan Detinning Co. v. Industrial Comm'n*, 295 Ill. 141 (1920) (unexplained fall arose out of employment because it could have resulted from the nature of the construction of toilet). Thus, even adopting employer's contention in *Sears* that decedent's fall resulted from dizziness due to a sick condition, decedent was nevertheless exposed to a risk of injury greater than that to which the general public is exposed because he was working several feet above the floor and thus was at a greater risk of injury if he fell. Although in each of these cases the exact cause of the fall was unexplained, the Commission or the court found evidence of increased risk.

Unfortunately, several recent cases have repeated the statement in *Chicago Tribune* that unexplained falls arise out of employment. By way of *dictum*, these cases imply that *all* such falls arise out of employment. *Stapleton*, 282 Ill. App. 3d at 16 ("If the fall is unexplained, resultant injuries are compensable. If the fall is idiopathic, resultant injuries are not compensable ***"); *Nabisco Brands*, 266 Ill. App. 3d at 1106 (idiopathic falls are "purely personal" to employee and are not compensable; unexplained falls are neutral and are compensable); *William G. Ceas & Co. v. Industrial Comm'n*, 261 Ill. App. 3d 630, 634 (1994) (noting that Illinois denies compensation for idiopathic falls but awards compensation for unexplained falls); *General Motors Corp., Central Foundry Division v. Industrial Comm'n*, 179 Ill. App. 3d 683, 695 (1989) (noting that idiopathic falls are not compensable in Illinois while unexplained falls are); *Elliot*, 153 Ill. App. 3d at 242 ("Illinois denies compensation for idiopathic falls" and "Illinois awards compensation for unexplained falls"). For the reasons that follow, these statements are inaccurate and contrary to established case law and principles underlying the Workers' Compensation Act.

Initially, although these cases say idiopathic falls are not compensable and unexplained falls are compensable, it is inaccurate to say that an injury caused by a particular risk is or may be compensable. Compensability results when an injury arises out of and in the course of employment. Although increased risk may establish *arising out of*, that is only one element required for compensability. Claimant must

also establish *in the course of employment* and proximate cause between the accident and the injury. It is not possible to determine the entire concept of compensability from risk alone.

Also, it is clear from the above discussion that idiopathic falls arise out of employment where conditions of the work place increase either the risk of falling or the danger of injury. Although idiopathic falls do not arise out of employment where claimant fails to show an increased risk, it is clearly wrong to say such falls never arise out of employment.

Further, because unexplained falls result from a neutral risk, resultant injuries arise out of employment only where claimant can show that he or she is exposed to a risk greater than that to which the general public is exposed. If claimant cannot make such a showing, the injury does not arise out of employment.

To be sure, we have made the misleading statement that unexplained falls are compensable. However, in every such case, we pointed to evidence in the record from which the Commission could have inferred that claimant was exposed to a greater risk of injury than that to which the general public is exposed. See *Nabisco Brands*, 266 Ill. App. 3d 1103 (claimant required to carry three 39-inch knives that weighed 50 pounds on stairway); *William G. Ceas*, 261 Ill. App. 3d 630 (boss's last-minute preparations caused claimant stress and caused her to hurry down stairs upon which she fell); *Chicago Tribune*, 136 Ill. App. 3d 260 (fall could have been due to accumulation of water or ice on floor); *General Motors Corp.*, 179 Ill. App. 3d 683 (fall from forklift could have been due to pothole or claimant's attempt to avoid potholes). I cannot find any case where this panel or our supreme court has held that an injury arises out of employment *solely* because the fall was unexplained. To do so would necessitate adopting the positional risk doctrine:

> "If an employee falls while walking down the sidewalk or across a level factory floor for no discoverable reasons, the injury resembles that from stray bullets and other positional risks in this respect. The particular injury would not have happened if the employee had not been engaged upon an employment errand at the time. *In a pure unexplained-fall case, there is no way in which an award can be justified as matter of causation theory except by a recognition that this but-for reasoning satisfies the 'arising' requirement.*" (Emphasis added.) 1 A. Larson & L. Larson, Larson's Workers' Compensation Law § 7.04(1), at 7—15 (1999).

Our supreme court, however, has consistently rejected the positional risk doctrine. See *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542 (1991).

At the risk of much repetition, I hope to make one point clear. Whether an injury arises out of employment is *solely* a function of risk, specifically, whether the employee was exposed to a risk of injury greater than that to which the general public is exposed. The terms "explained," "unexplained," and "idiopathic," while useful to describe the nature of a fall, cannot accurately determine whether an injury arises out of employment. As previously discussed, some idiopathic falls arise out of employment; others do not. The same is true with explained and unexplained falls. Although employment risks always arise out of employment, whether personal risks (idiopathic falls) or neutral risks (explained or unexplained falls) arise out of employment is determined by whether the employee was exposed to a risk greater than that to which the general public is exposed. To put this another way, where conditions of employment expose the employee to a risk of injury greater than that to which the general public is exposed, the risk becomes one of employment and resulting injuries arise out of employment.

PRESIDING JUSTICE McCULLOUGH, specially concurring:

I join in the special concurrence of Justice Rakowski. With respect to his discussion of Illinois case law concerning "unexplained falls," I suggest the words "unexplained falls" be stricken from the workers' compensation vocabulary.