FIRST CASH FINANCIAL SERVICES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Betsy Rios, Appellee).

First District (Workers' Compensation Commission Division)
No. 1—05—3403WC

Opinion filed July 26, 2006.—Rehearing denied August 24, 2006.

Rusin Maciorow & Friedman, of Chicago (Randall Stark and Robert Sabetto, of counsel), for appellant.

Capron & Avgerinos, of Chicago (Michael A. Rom, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

First Cash Financial Services (First Cash) appeals from an order of the circuit court of Cook County confirming a decision of the Industrial Commission (Commission), now known as the Illinois Workers' Compensation Commission (see 820 ILCS 305/12 (West 2004)), which awarded the claimant, Betsy Rios, benefits in connection with her application for adjustment of claim under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)). For the reasons that follow, we reverse the judgment of the circuit court.

The following facts relevant to our resolution of this appeal are taken from the evidence presented at the arbitration hearing.

In approximately February of 2002, the claimant was employed by First Cash as a cash advance loan teller. On August 8, 2003, as the claimant was getting ready to leave work at approximately 4 p.m., she went into the employee bathroom to retrieve a container she used to bring her lunch. The bathroom was approximately five feet by seven feet, contained a ceramic tile floor, and was not accessible to the general public.

When the claimant entered the bathroom, she slipped and fell, injuring her left arm. The claimant testified that she did not know what caused her to slip and did not observe anything on the floor. She did not faint or black out. The claimant was wearing open-toe sandals with three- to four-inch heels. No one witnessed the claimant's fall.

The claimant was taken by ambulance to the West Suburban Hospital, where she was treated by Dr. Greg Crovetti. She was diagnosed with a dislocation of her left elbow, her arm was placed in a sling, and she was admitted to the hospital overnight for observation.

The claimant sought follow-up care from Dr. Crovetti. Dr. Crovetti placed the claimant's arm in a cast and recommended physical therapy. The claimant remained off work until October 6, 2003, when she returned to her duties as a teller.

Four of the claimant's coworkers testified at the hearing. Each of these employees testified that he or she did not observe any debris or water on the bathroom floor on August 8, 2003. When asked to

describe the general condition of the bathroom floor, one First Cash employee, Damariz Rosa, stated that the "most you can see on there is probably hair that you drop off your head." Two of the coworkers, Jessica Montanez and Joevani Torres, testified that all the employees took turns cleaning the bathroom, but neither was able to remember when the bathroom was last cleaned prior to August 8, 2003.

David Atkins, an engineering consultant, testified on behalf of First Cash. On November 24, 2003, Atkins conducted tests on the bathroom floor tiles. The tests showed that the slip resistance of the tiles was within national safety standards. Prior to testing, Atkins cleaned the tiles with distilled water and a paper towel. Atkins also took a series of photographs of the bathroom floor on November 24, 2003. These photographs were introduced into evidence.

Following the hearing, an arbitrator found that the claimant sustained accidental injuries on August 8, 2003, arising out of and in the scope of her employment with First Cash and that her current condition of ill-being is causally related to the injuries she sustained on August 8, 2003. Specifically, the arbitrator determined that it was immaterial that the claimant was wearing sandals with three- to four-inch heels. He also found that, because the bathroom tiles had not been cleaned prior to the claimant entering the bathroom, Atkins' testimony that the bathroom tiles, when cleaned and dried, are slip-resistant had no probative value. The arbitrator further noted that no evidence was presented showing "that the bathroom tiles were dry or free of hair, dust, debris, powder, make-up, tissue, oil, water droplets or of the many other possible substances." The arbitrator awarded the claimant temporary TTD benefits for a period of $8^2/7$ weeks and ordered First Cash to pay $9,032.06 for medical expenses incurred by the claimant.

First Cash filed a petition for review of the arbitrator's decision before the Commission. In a decision signed by two commissioners, the Commission, without further analysis, affirmed and adopted the arbitrator's decision.

First Cash then filed a petition for judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

First Cash argues that the Commission erred in finding that the claimant sustained accidental injuries arising out of her employment on August 8, 2003. It asserts that the only reasonable inference that can be drawn from the evidence is that the claimant's fall was caused by her footwear combined with the fact that she was trying to quickly retrieve a personal item she had forgotten before leaving work.

If the facts are undisputed and are susceptible to only a single

reasonable inference, the question of whether an injury arose out of the claimant's employment is one of law to be reviewed *de novo*. *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 60, 541 N.E.2d 665 (1989). However, if more than one inference may be drawn from the undisputed facts, the Commission's determination will not be disturbed unless it is against the manifest weight of the evidence. *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 549, 578 N.E.2d 921 (1991). We believe that the material facts in this case are not in dispute, and different inferences could not be drawn regarding the issue of whether the claimant proved that her injury arose out of her employment.

A claimant bears the burden of proving by a preponderance of the evidence that her injury arose out of and in the course of the employment. 820 ILCS 305/2 (West 2002). Both elements must be present in order to justify compensation. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603 (1989). In this case, First Cash only challenges the "arising out of" component.

Arising out of the employment pertains to the origin or cause of a claimant's injury. *William G. Ceas & Co. v. Industrial Comm'n*, 261 Ill. App. 3d 630, 636, 633 N.E.2d 994 (1994). In order to determine whether a claimant's injury arose out of her employment, we must first categorize the risk to which she was exposed. The risks to which an employee may be exposed are categorized into three groups: (1) risks distinctly associated with employment; (2) risks personal to the employee, such as idiopathic falls, and (3) neutral risks that have no particular employment or personal characteristics. *Illinois Consolidated Telephone Co. v. Industrial Comm'n*, 314 Ill. App. 3d 347, 352, 732 N.E.2d 49 (2000) (Rakowski, J., concurring).

An injury resulting from an idiopathic fall arises out of the employment only where the employment conditions significantly contributed to the injury by increasing the risk of falling or the effects of the fall. *Stapleton v. Industrial Comm'n*, 282 Ill. App. 3d 12, 16, 668 N.E.2d 15 (1996). In this case, there is no evidence that the claimant suffered from a physical condition that caused her to fall. The claimant testified that she did not black out or faint but, rather, slipped and fell for an unknown reason. Accordingly, the claimant's fall was not idiopathic in nature.

An injury resulting from a neutral risk, that is one to which the general public is equally exposed, does not arise out of the employment. *Caterpillar Tractor Co.*, 129 Ill. 2d at 59. By itself, the act of walking across a floor at the employer's place of business does not establish a risk greater than that faced by the general public. *Illinois Consolidated Telephone Co.*, 314 Ill. App. 3d at 353 (Rakowski, J., concurring).

Accordingly, for an injury caused by a fall to arise out of the employment, a claimant must present evidence which supports a reasonable inference that the fall stemmed from a risk associated with her employment. *Builders Square, Inc. v. Industrial Comm'n*, 339 Ill. App. 3d 1006, 1010, 791 N.E.2d 1308 (2003). Employment-related risks associated with injuries sustained as a consequence of a fall are those to which the general public is not exposed such as the risk of tripping on a defect at the employer's premises, falling on uneven or slippery ground at the work site, or performing some work-related task which contributes to the risk of falling. See *Illinois Consolidated Telephone Co.*, 314 Ill. App. 3d at 352 (Rakowski, J., concurring); *Nabisco Brands, Inc. v. Industrial Comm'n*, 266 Ill. App. 3d 1103, 1107, 641 N.E.2d 578 (1994).

In this case, the claimant did not present any direct evidence explaining the cause of her fall. She testified that she did not know why she fell and that no one witnessed her fall.

Although no direct evidence was presented establishing the cause of the claimant's fall, the arbitrator still found that the claimant's accident arose out of her employment. In his findings, the arbitrator noted that no evidence was presented "that the bathroom tiles were dry or free of hair, dust, debris, make-up, tissue, oil, water droplets or of the many other possible substances." The arbitrator appears to have improperly shifted the burden of proof to First Cash to disprove the existence of a defect in the bathroom floor. The claimant, and not First Cash, had the burden of proving that her injury arose out of her employment. See *Ghere v. Industrial Comm'n*, 278 Ill. App. 3d 840, 847, 663 N.E.2d 1046 (1996).

In her brief before this court, the claimant argues that the record contains sufficient circumstantial evidence from which it can be inferred that the bathroom floor was dirty on August 8, 2003, and that this was the cause of her fall. However, circumstantial evidence can only support an inference that is reasonable and probable, not merely possible. *Mann v. Producer's Chemical Co.*, 356 Ill. App. 3d 967, 974, 827 N.E.2d 883 (2005); *Stojkovich v. Monadnock Building*, 281 Ill. App. 3d 733, 739, 666 N.E.2d 704 (1996). Where the evidence allows for the inference of the nonexistence of a fact to be just as probable as its existence, the conclusion that the fact exists is a matter of speculation, surmise, and conjecture, and the inference cannot reasonably be drawn. *Carter v. Azaran*, 332 Ill. App. 3d 948, 961, 774 N.E.2d 400 (2002); *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789, 795-96, 721 N.E.2d 614 (1999).

In support of her argument that the bathroom floor was dirty on August 8, 2003, the claimant references the photographs taken on

November 24, 2003, and the testimony of First Cash employees, Rosa, Montanez, and Torres. However, the testimony of these witnesses and the photographs are too speculative to support the conclusion that the floor was dirty on August 8, 2003.

In some of the photographs introduced into evidence, hair is visible on the bathroom floor. However, these photographs were taken more than three months after the claimant's accident. To suggest that the bathroom floor was dirty on August 8, 2003, because photographs taken on November 24, 2003, depict pieces of hair is mere surmise and conjecture.

In her testimony, Rosa described the general condition of the bathroom floor depicted in the photographs as containing some hair. However, she specifically testified that she did not observe anything on the floor on August 8, 2003. Further, although Montanez and Torres both testified that they were unable to remember when the bathroom was last cleaned prior to August 8, 2003, they also testified that they did not observe any water or debris on the floor on August 8, 2003.

Although it is possible to infer that the bathroom floor was dirty on August 8, 2003, it is at least equally possible to infer that it was not. All of First Cash's employees, including the claimant, testified that they did not observe anything on the bathroom floor on August 8, 2003. Based on the evidence in the record, the claimant cannot show more than a mere possibility that the floor was dirty on August 8, 2003, and that this was the cause of her fall, and, thus, there is no reasonable certainty that the claimant's injury stemmed from a risk associated with her employment.

Because the claimant did not present any evidence establishing the cause of her fall, she has failed to prove that her injury arose out of her employment. See *Builders Square, Inc.*, 339 Ill. App. 3d at 1012. We conclude, therefore, that the Commission's finding that the claimant sustained accidental injuries arising out of and in the course of her employment with First Cash on August 8, 2003, was erroneous as a matter of law, and we reverse the judgment of the circuit court confirming the Commission's decision.

Reversed.

McCULLOUGH, P.J., CALLUM, and HOLDRIDGE, JJ., concur.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. The Commission adopted the decision of the arbitrator that claimant sustained accidental injuries arising out of and in the scope of her employment. Specifically, in determining the

etiology of claimant's fall, the arbitrator determined that the bathroom tiles had not been cleaned and gave less probative value to testimony of the tiles being free of any foreign substance. My colleagues have concluded that the decision of the Commission should be reversed based upon grounds with which I disagree.

The majority states that if facts are undisputed and susceptible to only a single reasonable inference, our review is *de novo* rather than the usual manifest weight of the evidence standard. Under the latter standard, we are obligated not to disturb the Commission's decision unless it is against the manifest weight of the evidence, citing *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 578 N.E.2d 921 (1991). I disagree regarding the issue of whether claimant's injuries arose out of and in the course of her employment. The area where the bathroom is located is not an area generally open to the public, and the record substantiates sufficient evidence on which a reasonable trier of fact could infer that the bathroom floor was dirty on the date in question, August 8, 2003, and that this condition resulted in claimant's fall. This inference is not only possible, but reasonably probable such that a trier of fact, the Commission, could reasonably make such a determination. While I agree that the arbitrator seems to have improperly shifted the burden of proof as to the condition of the floor to the employer rather than claimant, there is sufficient basis in the record for the Commission to reach the conclusion that it did. The record references photographs and testimony of fellow employees as to the condition of the bathroom floor. The majority argues that this testimony and photographs together are too speculative to support the Commission's determination. But, to reach that conclusion, the majority is reweighing the evidence; that is the province of the Commission. It is well settled in workers' compensation cases that the reviewing courts, either the circuit court or our court, cannot substitute our judgment for that of the Commission as trier of fact. I would, accordingly, affirm the judgment of the circuit court which confirmed the decision of the Commission.

On the above basis, I respectfully dissent.